IN THE MATTER OF: DEONTE S. LANEY, ACOYA LANEY

No. COA02-640

(Filed 18 March 2003)

**Appeal and Error— appealability—failure to appeal from final order—adjudication and temporary disposition**

Respondent mother's appeal from the 24 October 2001 adjudication and temporary dispositional order adjudicating her children as neglected that was entered after the 4 October

IN RE LANEY

[156 N.C. App. 639 (2003)]

2001 hearing is dismissed because respondent failed to appeal from a final order as required by N.C.G.S. § 7B-1001.

Appeal by respondent from order entered 24 October 2001 by Judge Wayne Michael in District Court, Iredell County. Heard in the Court of Appeals 13 February 2003.

*Thomas R. Young, for petitioner-appellee, Iredell County Department of Social Services; and Crosswhite, Edwards and Crosswhite, P.A., by Andrea Edwards, for Guardian ad Litem.*

*Winifred H. Dillon for respondent-appellant.*

McGEE, Judge.

Iredell County Department of Social Services (petitioner) filed juvenile petitions on 23 July 2001 regarding six-year-old Deonte Santnez Laney (Deonte) and ten-year-old Acoya Demagia Laney (Acoya), collectively referred to as "the children." Petitioner assumed nonsecure custody of the children on the same day, and four subsequent nonsecure custody hearings were held. Pursuant to these hearings, the children remained in the custody of petitioner and resided with their maternal grandfather, Edsel Laney.

The children were adjudicated neglected in a hearing on 4 October 2001. An adjudication and temporary dispositional order was entered by the trial court on 24 October 2001. The trial court continued the case for sixty days for final disposition. Shevalo Laney (respondent), mother of the children, gave oral notice of appeal on 4 October 2001 and filed a written notice of appeal on 18 October 2001. A dispositional hearing was held on 29 November 2001. In an order filed 11 January 2002, the trial court ordered that the children remain in the custody of petitioner with placement continuing with Edsel Laney.

The evidence at trial tended to show the following. Officers from the Iredell County Sheriff's Department arrived at respondent's apartment in response to a 911 call on 22 June 2001. Officer Zane Lambert testified that he found Acoya alone and scared in the apartment without supervision, and that Acoya could not provide information about the location of his parents. Officer Lambert observed that there was little to no furniture in the apartment and that he saw only a single air mattress for sleeping. Detective Cheryl Hildebrand testified she observed respondent early in the morning, clad in revealing cloth-

ing, and with Deonte. Detective Hildebrand further testified that the only food she found in the apartment was a half bag of potato chips and a small amount of ice cream.

The trial court found that respondent and the children's father, Edward Dwight Little (Little), left Acoya alone from approximately 11:00 p.m. until 5:00 a.m., while attending a work engagement for respondent, who was an exotic dancer. Deonte accompanied respondent and Little to respondent's work engagement, and sat in a vehicle with Little while respondent danced at her work engagement. Following respondent's work engagement, respondent and Little, along with Deonte, returned to the apartment. Respondent and Little were uncooperative with the law enforcement officers waiting there for them. Respondent refused to provide information and was arrested for delaying an officer.

The trial court found that Acoya was ten years old and Deonte was six years old at the time of the incident, and that neither child was enrolled in school and that no meaningful educational alternative had been provided for them. Acoya had been enrolled in school and subsequently removed. Respondent claimed she was home schooling Acoya, but she failed to observe the required legal formalities for home school. Respondent and Little had also engaged in at least one incident of domestic violence with the children present. Respondent appeals the trial court's 24 October 2001 adjudication and temporary dispositional order.

We must first determine whether respondent's appeal is properly before this Court. The General Assembly has expressly set forth the procedure for review of a trial court's final order in a juvenile petition in N.C. Gen. Stat. § 7B-1001.

Upon motion of a proper party as defined in G.S. 7B-1002, review of any final order of the court in a juvenile matter under this Article shall be before the Court of Appeals. Notice of appeal shall be given in writing within 10 days after entry of the order. However, if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry. A final order shall include:

(1) Any order finding absence of jurisdiction;

(2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;

(3) Any order of disposition after an adjudication that a juvenile is abused, neglected, or dependent; or

(4) Any order modifying custodial rights.

N.C. Gen. Stat. § 7B-1001 (2001).

Respondent's appeal from the 24 October 2001 adjudication and temporary dispositional order that was entered after the 4 October 2001 hearing was not an appeal from a final order as required by N.C.G.S. § 7B-1001 and is therefore premature. The order filed on 24 October 2001 was a temporary order and the matter was continued by the trial court for final disposition at a later date. The final hearing had not occurred and the final order had not been filed when respondent gave notice of appeal. Accordingly, this matter is not properly before our Court.

Respondent argues in her reply brief that the 24 October 2001 order was a final order. Respondent contends the language in N.C.G.S. § 7B-1001(3) provides for any order to be immediately appealable. The broad reading advocated by respondent would open the door for multiple appeals whenever adjudication orders and temporary dispositions are entered before a final disposition. The statutory language does not show that the General Assembly intended this result. The statute states that an appeal must be from a final order. In this case, respondent's appeal is based on an adjudication and temporary disposition which was not a final order under N.C.G.S. § 7B-1001.

Respondent incorrectly argues that *In re Taylor*, 57 N.C. App. 213, 290 S.E.2d 797 (1982) and *In re J.L.W.*, 136 N.C. App. 596, 525 S.E.2d 500 (2000) support her argument that the 24 October 2001 order was a final order. In these cases, appellants appealed from orders that adjudicated the juveniles as delinquent. In holding that both appeals were premature because they arose from orders adjudicating delinquency before any disposition had occurred, our Court stated that " '[a]n adjudication of delinquency is not a final order.' " *In re J.L.W.*, 136 N.C. App. at 602, 290 S.E.2d at 504 (quoting *In re Taylor*, 57 N.C. App. at 214, 290 S.E.2d at 797).

Respondent also argues the appeal was timely because the trial court did not file a final disposition within sixty days after the adjudication and temporary dispositional order was entered. Respondent contends she was allowed to file her appeal anytime during the seventy days following the adjudication order under N.C.G.S. § 7B-1001.

Respondent cites no authority in support of this reading of the statute. This is an issue of first impression before this Court.

While N.C.G.S. § 7B-1001 provides for an appeal from an order that has not been the subject of a final disposition within sixty days, we do not believe the General Assembly intended to permit appeals to be filed during the sixty-day period. The statute gives the trial court sixty days to enter a final disposition in a case. It follows that an appeal cannot be taken from the adjudication or temporary dispositional order until the sixty-day period has run. If a final order has not been entered at the conclusion of this sixty-day period, the statute provides a ten-day period to appeal the initial order. Permitting an appeal before the sixty-day period has concluded would allow parties to appeal before the trial court entered a final disposition even though the disposition was timely. This result would produce premature and unnecessary appeals to this Court.

Respondent should have waited sixty days following the filing of the adjudication and temporary dispositional order to determine if the trial court filed a final disposition within the statutory requirement period. After expiration of the sixty-day period, respondent would have been permitted to file a written notice of appeal within ten days. This argument is overruled.

Respondent contends that the filing of the appellate entries on 11 January 2001 was treated as a notice of appeal by the trial court. The appellate entries stated that "[t]he respondent[] [has] given Notice of Appeal to the N.C. Court of Appeals." However, the only notice of appeal given by respondent was on 18 October 2001 relating to the 24 October 2001 filing. The record does not show that respondent gave proper notice of appeal from the 11 January 2002 order, which was the appropriate order from which to appeal. Accordingly, the 11 January 2002 order is not before us for review.

Respondent recognized the premature nature of her appeal and filed a writ of certiorari with this Court on 27 January 2003 requesting review of the 24 October 2001 order. Respondent again has requested review of the adjudication and temporary disposition but has not appealed the final disposition in the case. We decline to grant certiorari because the final disposition would remain in effect because it is not before this Court on appeal. Time for appealing the 11 January 2002 order has expired and was not the subject of respondent's writ of certiorari.

Respondent argues she filed a premature appeal to protect her rights at the direction of the trial court. However, respondent failed to protect her appellate rights by never appealing the appropriate order. Respondent was not entitled to appeal the adjudication and temporary dispositional order until after sixty days had passed to allow entry of a final dispositional order. After the sixty-day period, respondent could have filed a written notice of appeal to this Court. Respondent did not file a written notice of appeal within the ten-day period following the sixty-day period. Respondent also did not file a written notice of appeal from the 11 January 2002 order. After the trial court filed the final disposition on 11 January 2002, respondent could have filed a written notice of appeal within ten days, appealing the final disposition and adjudicatory order. However, respondent continued with her appeal from the adjudication and temporary order in contravention of N.C.G.S. § 7B-1001. Accordingly, the appeal was not taken from a final order and is not properly before this Court.

Nevertheless, even if respondent had properly appealed the final dispositional order, the evidence at trial supported the trial court's findings of fact and conclusions of law in the final dispositional order and was sufficient to affirm the trial court's decision.

We hold that respondent failed to appeal from a final order as required by N.C.G.S. § 7B-1001. Accordingly, this appeal is not properly before this Court.

Appeal dismissed.

Judges HUDSON and STEELMAN concur.