IN THE MATTER OF: M.L.T.H.

No. COA08-1569

(Filed 3 November 2009)

## 1. Appeal and Error— timeliness—juvenile—motion to suppress denied

A juvenile's notice of appeal was not timely where it was filed 85 days after entry of an order denying a motion to suppress his statement to officers. N.C.G.S. § 7B-2602 refers to the order which is being appealed and would have allowed written notice of appeal within 70 days since no disposition was made within 60 days. However, the appeal was under a grant of *certiorari*.

## 2. Juveniles— delinquency—custodial interrogation—notice of rights—persons present

The *Miranda* rights form used by a sheriff's department in questioning a juvenile correctly stated his *Miranda* rights, but did not accurately state his juvenile rights as provided by N.C.G.S. § 7B-2101. The juvenile was advised incorrectly that he could have his brother (who was 21 years old and serving in the Marine Corps) present during his custodial interrogation while the statute provides only for a parent, guardian, or custodian to be present during questioning.

## 3. Juveniles— delinquency—custodial interrogation—notice of rights—persons present—prejudicial error

A violation of N.C.G.S. § 7B-2101 in a delinquency proceeding concerning the family member who was present during an interrogation was prejudicial where the juvenile made statements without which the State's case would have been much weaker.

**IN RE M.L.T.H.**

[200 N.C. App. 476 (2009)]

Appeal by juvenile from orders entered 3 April 2008 by Judge William G. Stewart and 5 May 2008 by Judge John Covolo in District Court, Nash County. Heard in the Court of Appeals 19 May 2009.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Gail E. Dawson, for the State.*

*Kimberly P. Hoppin, for juvenile-appellant.*

STROUD, Judge.

The juvenile M.L.T.H. ("Micah")[1] appeals from a 3 April 2008 order denying his motion to suppress and the order adjudicating him as delinquent, entered on 5 May 2008. For the reasons stated below, we reverse the order denying Micah's motion to suppress, vacate the order adjudicating Micah as delinquent, and remand to the trial court for further proceedings.

## I. Procedural background

Micah, age fifteen, lived at home with his mother, father, and four younger siblings. At the time of the events relevant to this appeal, Micah's older brother ("Bill")[2] did not live with Micah and the rest of the family. Bill was 21 years old and served in the United States Marine Corps. Micah and his brothers sometimes visited Bill on weekends.

On 25 February 2008 Investigator M. Strickland of the Nash County Sheriff's Department received a referral from the Department of Social Services regarding an alleged incident involving sexual contact between Micah and his younger brother ("Jake").[3] On that same date, Investigator Strickland called Micah's home, but his parents were not there. She talked to Bill instead. Investigator Strickland asked the entire family to come to the Sheriff's office, and they did so when the parents returned home. Immediately upon their arrival at the Sheriff's office, Investigator Strickland took all of the children upstairs to an interview room on the third floor and left the parents on the first floor of the Sheriff's department. She then began interviewing the children, starting with Jake, the alleged victim, and then Micah.

---

1. We will refer to the minor child M.L.T.H. by the pseudonym Micah to protect the child's identity and for ease of reading.

2. A pseudonym.

3. A pseudonym.

IN RE M.L.T.H.

[200 N.C. App. 476 (2009)]

When Investigator Strickland brought Micah to the interview room, she first asked him if he wanted to speak with her alone or "did he want his parents or did he want his brother or did he want anybody basically[.]" Micah replied that he wanted Bill, his older brother. Before questioning Micah, Investigator Strickland read him his juvenile Miranda rights from the Nash County Sheriff's office Miranda Rights form. She wrote onto the form that Bill was present "per [Micah's] request."

Micah confessed to certain incidents involving Jake. As a result, Micah was charged in petitions filed on 27 February 2008 with three counts of felonious sex offense with a child, one count of attempted first degree sexual offense, and three counts of indecent liberties between children.

On 18 March 2008, Micah's counsel filed a motion to suppress the incriminating statements which Micah made to Investigator Strickland. By order entered on 3 April 2008, the trial court denied defendant's motion to suppress, without making any findings of fact or conclusions of law.

On 22 April 2008, Micah entered an admission to one count of felonious sex offense with a child, in violation of N.C. Gen. Stat. § 14-27.4(a)(1), preserving his right to appeal upon the order denying his motion to suppress. The other allegations were dismissed without prejudice. Based upon Micah's admission, the trial court entered an order on 5 May 2008 adjudicating Micah as delinquent and continued the case for disposition on 8 July 2008. Pending disposition, Micah was held in secure custody and ordered to complete the sex offenders' class. On 27 June 2008, Micah filed notice of appeal to the 3 April 2008 ruling upon his motion to suppress and the 5 May 2008 order which adjudicated Micah as a delinquent.

On 9 September 2008, the trial court entered a disposition order, ordering a level two disposition, wherein Micah was placed on 12 months of supervised probation, with various requirements, including electronic monitoring and intensive supervision. Micah has not appealed from the disposition order.

## II. Jurisdiction

Micah states in his statement of grounds for appellate review that his appeal is pursuant to N.C. Gen. Stat. § 7B-2602 (2007) and N.C.R. App. P. Rule 3(b)(1), and the State does not question his right to appeal. However, it is the duty of this court to determine, as an initial

**IN RE M.L.T.H.**

[200 N.C. App. 476 (2009)]

matter, whether it has jurisdiction to consider an appeal. Unfortunately, this case presents several complex procedural issues which neither party addressed in the briefs.

The Juvenile Code provides that

> review of any final order of the court in a juvenile matter under [Article 26] shall be before the Court of Appeals. Notice of appeal shall be given in open court at the time of the hearing or in writing within 10 days after entry of the order. However, if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry. A final order shall include:
>
> (1) Any order finding absence of jurisdiction;
>
> (2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;
>
> (3) Any order of disposition after an adjudication that a juvenile is delinquent or undisciplined; or
>
> (4) Any order modifying custodial rights.

N.C. Gen. Stat. § 7B-2602 (2007).

Micah has not appealed from the disposition order, the only "final order" in this matter. He has appealed from the order denying his motion to suppress and from the adjudication order. The disposition order was not entered until 127 days after the adjudication order and 159 days after Micah filed notice of appeal. We must therefore consider (1) whether Micah's appeal was timely; (2) whether his appeal is interlocutory; and (3) if his appeal was not timely or was interlocutory, are there any grounds by which this Court may review his appeal.

A. Timeliness

[1] This Court has no jurisdiction to hear an appeal if it is not timely. *In re A.L.*, 166 N.C. App. 276, 277, 601 S.E.2d 538, 538 (2004) ("It is well established that failure to give timely notice of appeal . . . is jurisdictional, and an untimely attempt to appeal must be dismissed." (citation, quotation marks and brackets omitted)). "The Court of Appeals has limited jurisdiction to review final orders of the trial court in juvenile matters. Notice of appeal must be made in open court at the time of the hearing or in writing within ten days after the entry of the order." *Id.* at 277, 601 S.E.2d at 538 (citing N.C. Gen. Stat. § 7B-2602 (2003)).

It is clear that notice of appeal was not given within 10 days after entry of either order from which Micah has appealed. However, the disposition order was not entered until 127 days after the adjudication order. Thus, this appeal falls within the provision of N.C. Gen. Stat. § 7B-2602 that "if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry." Although no case has addressed this portion of the statute since its revision in 1998,[4] this court did address the exact same provision in the prior statute, stating that, "We believe that under this section of the statute an adjudication of delinquency is not a final order. No appeal may be taken from such order unless no disposition is made within 60 days of the adjudication of delinquency." *In re Taylor*, 57 N.C. App. 213, 214, 290 S.E.2d 797, 797 (1982). In *Taylor*, the juvenile attempted to appeal the adjudication order eight days after its entry and no disposition had been made, so the appeal was dismissed. *Id.* at 213, 290 S.E.2d at 797. Therefore, the only reason that Micah might have a right to appeal his adjudication order, which is an interlocutory order, is that the disposition order was entered more than 60 days after the adjudication order.

As to the notice of appeal to the order denying suppression of Micah's statement, no notice of appeal was "given in open court at the time of the hearing." The hearing was held on 25 March 2008, and appeal was never mentioned in the transcript. Notice of appeal was not given "in writing within 10 days after entry of the order," as the order was entered on 3 April 2008 and the written notice was filed 27 June 2008. However, a disposition order was not entered within 60 days after the adjudication of delinquency, thus possibly extending the time Micah had to file a notice of appeal of the order denying suppression. The question becomes one of interpretation of the statute. It provides that

> review of any final order of the court in a juvenile matter under [Article 26] shall be before the Court of Appeals. Notice of appeal

---

4. *In re Laney*, 156 N.C. App. 639, 577 S.E.2d 377, *disc. review denied*, 357 N.C. 459, 585 S.E.2d 762 (2003) addressed time for appeal in abuse, neglect, or dependency proceedings, under the version of N.C. Gen. Stat. § 7B-1001 which was in effect in 2003, which had the same relevant language as does the current version of N.C. Gen. Stat. § 7B-2603(a). The *Laney* court held that "we do not believe the General Assembly intended to permit appeals to be filed during the sixty-day period. The statute gives the trial court sixty days to enter a final disposition in a case. It follows that an appeal cannot be taken from the adjudication or temporary dispositional order until the sixty-day period has run. If a final order has not been entered at the conclusion of this sixty-day period, the statute provides a ten-day period to appeal the initial order." *Id.* at 643, 577 S.E.2d at 379.

shall be given in open court at the time of the hearing or in writing within 10 days after entry of the order. However, if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry.

N.C. Gen. Stat. § 7B-2602. Setting aside, for now, the question of whether either the suppression order or the adjudication order can be a "final order," it appears that when the statute refers to "entry of the order," it is referring to the order which is being appealed. In *Taylor*, the subject of the appeal was the adjudication order only, and its date of entry was used as the relevant date from which to measure the appeal. *Taylor*, 57 N.C. App. at 213, 290 S.E.2d at 797. However, here we have two orders, so they must be considered separately. Reading the facts as to the suppression order into the statute, it reads "if no disposition is made within 60 days after entry of the [order denying the motion to suppress], written notice of appeal may be given within 70 days after [entry of the order denying the motion to suppress.]" *See* N.C. Gen. Stat. § 7B-2602. Therefore, the notice of appeal of the order denying the motion to suppress, which was filed 85 days after its entry, was not timely filed. This court therefore has no jurisdiction based upon the notice of appeal to consider Micah's appeal as to the denial of the motion to suppress, and all of Micah's arguments on appeal are directed to this order.

Appealable final orders include "[a]ny order of disposition after an adjudication that a juvenile is delinquent or undisciplined[.]" *Id.* "[A]n adjudication of delinquency is not a final order. No appeal may be taken from such order unless no disposition is made within 60 days of the adjudication of delinquency." *Taylor*, 57 N.C. App. at 214, 290 S.E.2d at 797. However, pursuant to N.C.R. App. P. 21(a) (1), as Micah has lost his right to appeal by failure to file his appeal in a timely manner, and as the orders from which he has appealed are interlocutory, we may exercise our discretion to treat his appeal as a petition for certiorari.

The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists . . . .

N.C.R. App. P. 21(a) (1); See *In re K.C.*, —— N.C. App. ——, ——, 681 S.E.2d 559, 561 (2009). We therefore treat Micah's appeal as a petition for certiorari and grant certiorari to consider the arguments he has raised regarding denial of the motion to suppress his statement.

### III. Juvenile Miranda Rights

The Miranda Rights form used by Investigator Strickland included the Miranda rights applicable to all custodial interrogations, as well as the following provisions which are relevant to a custodial interrogation of a juvenile:

> 3. You have the right to have a parent, guardian, custodian or any other person present during questioning. [Initialed by Micah] (*A child 14 years of age or older may waive the right to have a parent, guardian or custodian present during questioning but must be advised of such rights. A child less than 14 years of age must be questioned in the presence of either a parent, guardian, custodian, or attorney. If an attorney is not present the parent, guardian, or custodian must be advised of the juvenile's rights. A parent, guardian, or custodian, however, cannot waive any right on behalf of the juvenile.*)
>
> . . . .
>
> IF JUVENILE COMPLETE THE FOLLOWING
>
> I, [Bill], being the (_____ parent [brother][5] _____ guardian _____ custodian) of [Micah] have ( . . . had read to me) this statement of my child's rights and I understand what his/her rights are. I am willing to have him/her make a statement and answer questions. I do not want an attorney for my child at this time. I understand and know what he/she is doing and voluntarily consent to have him/her answer your questions.
>
> Signed [Signature of Bill]

Micah also signed the form, consenting to waiver of his Miranda rights, as well as his Juvenile Miranda rights, to have a parent, guardian, or custodian present during his questioning. Investigator Strickland then began questioning Micah, with Bill present. Micah made a verbal statement to Investigator Strickland, and then he prepared a written statement.

### IV. Motion to Suppress

**[2]** N.C. Gen. Stat. § 7B-2101(d)(2007) requires that "[b]efore admitting into evidence any statement resulting from custodial interrogation, the court shall *find* that the juvenile knowingly, willingly, and

---

5. The Nash County Miranda Rights form did not have a blank for "brother" but "parent" was struck through and "brother" was inserted above this designation.

IN RE M.L.T.H.

[200 N.C. App. 476 (2009)]

understandingly waived the juvenile's rights." (emphasis added). Although not specifically designated as findings of fact, upon denying the motion to suppress, the trial court did state in open court that:

> [I]t's my understanding that he had the opportunity to request his parents to be present. He testified that that was made known to him, that he had that option, that he did not request that option. He did not request any guardian or custodian or other person other than his older brother.
>
> He certainly would have had the right to waive the—due to his age, to waive the presence of any persons. He requested that his brother be with him. That was allowed. I can't find, based on what I've heard, that his rights were violated with regard to this, Mr. Manning.
>
> I'm going to deny the motion to suppress and find that his statement would be admissible.

These statements by the trial court are findings of fact, although the trial court did not specifically identify them as such. *See State v. Oglesby*, 361 N.C. 550, 552-53, 648 S.E.2d 819, 820 (2007) (the court affirmed the trial court's findings of fact made pursuant to N.C. Gen. Stat. § 7B-2101(d) in open court "[a]t the conclusion of a pre-trial hearing"). This Court's standard of review for the trial court's ruling on a motion to suppress is well settled:

> the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. This Court must not disturb the trial court's conclusions if they are supported by the court's factual findings. However, the trial court's conclusions of law are fully reviewable on appeal. At a suppression hearing, conflicts in the evidence are to be resolved by the trial court. The trial court must make findings of fact resolving any material conflict in the evidence.

*State v. McArn*, 159 N.C. App. 209, 211-12, 582 S.E.2d 371, 373-74 (2003) (internal citations and quotation marks omitted). However, where there is no material conflict in the evidence presented at the suppression hearing, specific findings of fact are not required. *State v. Parks*, 77 N.C. App. 778, 781, 336 S.E.2d 424, 426 (1985), *disc. review denied*, 316 N.C. 384, 342 S.E.2d 904-05 (1986). "In that event, the necessary findings are implied from the admission of the challenged evidence." *State v. Leach*, 166 N.C. App. 711, 715, 603 S.E.2d 831, 834 (2004) (citation omitted).

**IN RE M.L.T.H.**

[200 N.C. App. 476 (2009)]

In the case *sub judice*, the trial court made what could be considered as findings of fact only that Micah was aware that he could request his parents to be present in his interview with Investigator Strickland, that he did not request them, and that he requested only his brother, who was permitted to be present. However, there was no material conflict in the evidence; the real legal issue is the adequacy of the juvenile Miranda rights advisement presented to Micah. We therefore review this issue *de novo*.

N.C. Gen. Stat. § 7B-2101 (2007) sets forth the required interrogation procedures for juveniles in a delinquency investigation. These are often referred to as the "Juvenile Miranda rights":

(a) Any juvenile in custody must be advised prior to questioning:

(1) That the juvenile has a right to remain silent;

(2) That any statement the juvenile does make can be and may be used against the juvenile;

(3) That the juvenile has a right to have a parent, guardian, or custodian present during questioning; and

(4) That the juvenile has a right to consult with an attorney and that one will be appointed for the juvenile if the juvenile is not represented and wants representation.

(b) When the juvenile is less than 14 years of age, no in-custody admission or confession resulting from interrogation may be admitted into evidence unless the confession or admission was made in the presence of the juvenile's parent, guardian, custodian, or attorney. If an attorney is not present, the parent, guardian, or custodian as well as the juvenile must be advised of the juvenile's rights as set out in subsection (a) of this section; however, a parent, guardian, or custodian may not waive any right on behalf of the juvenile.

(c) If the juvenile indicates in any manner and at any stage of questioning pursuant to this section that the juvenile does not wish to be questioned further, the officer shall cease questioning.

(d) Before admitting into evidence any statement resulting from custodial interrogation, the court shall find that the juvenile knowingly, willingly, and understandingly waived the juvenile's rights.

N.C. Gen. Stat. § 7B-2101 (emphasis added.)

**IN RE M.L.T.H.**

[200 N.C. App. 476 (2009)]

If a juvenile is subjected to custodial interrogation and he makes an incriminating statement, prior to use of the statement, the State must demonstrate that the juvenile was properly advised of his Juvenile Miranda rights and that he knowingly, willingly, and understandingly waived these rights. *Id.*

Further our Supreme Court has held:

An accused juvenile's rights during a custodial interrogation are codified in N.C.G.S. § 7B-2101, which states in part that '[a]ny juvenile in custody must be advised prior to questioning . . . [t]hat the juvenile has a right to have a parent, guardian, or custodian present during questioning.' N.C.G.S. § 7B-2101(a)(3) (2005) . . . . Before allowing evidence to be admitted from a juvenile's custodial interrogation, a trial court is required to 'find that the juvenile knowingly, willingly, and understandingly waived the juvenile's rights.' *Id.* § 7B-2101(d) (2005).

*State v. Oglesby*, 361 N.C. 550, 555, 648 S.E.2d 819, 822 (2007).

Both the State and Micah's counsel below apparently assumed that Micah was not free to leave during Investigator Strickland's questioning and that he was subject to a custodial interrogation, so that the juvenile Miranda warnings were required. However, the State first contends on appeal that Micah was not in custody and was not subjected to a custodial interrogation which would require juvenile Miranda warnings. The State argues:

[w]hether [Micah] was subjected to custodial interrogation is not an issue that was presented to the trial court for its consideration . . . . The focus of the evidence presented by [Micah] to support the motion to suppress was the nature of the rights explained to [Micah], not whether the advisement of those rights was legally required. The North Carolina Supreme Court . . . . has long held that where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court.' *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)[.]

(emphasis added). This is true, but the State's argument defeats its own position. The State did not assert that Micah was not subject to custodial interrogation before the trial court and the State did not argue that juvenile Miranda warnings were not required. In its brief, the State claims that it

argued that there was no requirement that a parent, guardian, or custodian be present because [Micah] was over the age of fourteen, that [Micah] was not in custody and that law enforcement did more than was required because of the serious nature of the allegations and in order to make [Micah] more comfortable.

(emphasis added.) However, our review of the transcript reveals that the State did not ever argue before the trial court that Micah was not in custody. In addition, the State did not present any evidence which would support a finding that Micah was not subject to a custodial interrogation. Although the court did not make findings of fact in the written order, the court's oral findings also presuppose a finding that Micah was subjected to a custodial interrogation which would require the juvenile Miranda warnings; the court found that the requirements of N.C. Gen. Stat. § 7B-2101 were met because Micah was aware that he had the right to have his parents present and that he was old enough to waive the right to have anyone else present.

We must therefore consider whether Micah knowingly, willingly, and understandingly waived his rights under N.C. Gen. Stat. § 7B-2101. The Miranda Rights form used by the Nash County Sheriff's department correctly stated Micah's Miranda rights, but did not accurately state his juvenile rights as provided by N.C. Gen. Stat. § 7B-2101, as the form provided that the juvenile had a "right to have a parent, guardian, custodian or *any other person* present during questioning." (emphasis added.) Investigator Strickland also advised Micah that he could have his parents, his brother, or "anybody basically" present during his questioning. N.C. Gen. Stat. § 7B-2101 provides only for a parent, guardian, or custodian to be present during questioning. When offered this choice of whom to have present, Micah did not waive his right to have someone present, as he could have done under N.C. Gen. Stat. § 7B-2101(b), but instead chose Bill, a person who was not a "parent, guardian, or custodian."

Although prior cases have addressed whether a juvenile has a right to have a person other than a parent, guardian, or custodian present, no case has directly addressed whether having a person who does not fall into one of these categories present is adequate under N.C. Gen. Stat. § 7B-2101.[6] In *State v. Oglesby*, 361 N.C. 550, 648

---

6. In *State v. Jones*, 147 N.C. App. 527, 538, 556 S.E.2d 644, 651 (2001), *disc. review denied*, 355 N.C. 351, 562 S.E.2d 427 (2002), this court held that presence of a thirteen year old defendant's aunt satisfied the requirements of N.C. Gen. Stat. § 7A-595, because the defendant lived with his aunt, "was dependent upon her for room, board, education, and clothing", and the aunt was "defendant's guardian within

**IN RE M.L.T.H.**

[200 N.C. App. 476 (2009)]

S.E.2d 819 (2007) the juvenile requested to call his aunt during interrogation, and this request was denied. He challenged the admissibility of his incriminating statement on the grounds that he was denied his right under N.C. Gen. Stat. § 7B-2101 to have a parent, guardian, or custodian present. *Id.* at 555, 648 S.E.2d at 822. Although the juvenile's aunt was not legally the juvenile's custodian or guardian, he argued that she was effectively a guardian to him. *Id.* The Supreme Court rejected this argument:

> An accused juvenile's rights during a custodial interrogation are codified in N.C.G.S. § 7B-2101, which states in part that '[a]ny juvenile in custody must be advised prior to questioning . . . [t]hat the juvenile has a right to have a parent, guardian, or custodian present during questioning.' N.C.G.S. § 7B-2101(a)(3) (2005) . . . . Before allowing evidence to be admitted from a juvenile's custodial interrogation, a trial court is required to "find that the juvenile knowingly, willingly, and understandingly waived the juvenile's rights." *Id.* § 7B-2101(d) (2005) . . . . Clearly, defendant was entitled by N.C.G.S. § 7B-2101(a) (3) to have a 'parent, guardian, or custodian' present during his interrogation. However, an 'aunt' is not an enumerated relation in the statute, and an interpretation of the term 'guardian' to encompass anything other than a relationship established by legal process would unjustifiably expand the plain and unambiguous meaning of the word. See *Black's Law Dictionary* 566 (abr. 7th ed. 2000) (defining 'guardian' as '[o]ne who has the legal authority and duty to care for another's person or property' (emphasis added)). We are bound by well-accepted rules of statutory construction to give effect to this plain and unambiguous meaning and we therefore decline any attempt to ascertain a contrary legislative intent. See, e.g., *In re A.R.G.,* 361 N.C. 392, 396, 646 S.E.2d 349, 351 (2007).

*Id.* at 555-56, 648 S.E.2d at 822.

Bill was not Micah's parent, custodian, or guardian. Micah lived with his mother and father, both of whom were actually present at the Sheriff's department on the day of the interrogation.

---

the spirit and intent of N.C.G.S. § 7A-595 . . . ." However, the aunt was not the defendant's legally appointed guardian or custodian. *Id.* at 539, 556 S.E.2d at 652. The North Carolina Supreme Court in *State v. Oglesby* expressly held that a person in the position of a guardian could *not* be treated as a guardian for purposes of N.C. Gen. Stat. § 7B-2101, impliedly overruling *State v. Jones. State v. Oglesby*, 361 N.C. 550, 555-56, 648 S.E.2d 819, 822 (2007). However, there is no contention in the case *sub judice* that Bill ever acted as a guardian or custodian for Micah in any way.

We must therefore consider the effect of the improper advisement that Micah had the right to have "any other person" present, where N.C. Gen. Stat. § 7B-2101(a)(3) specifically states the right to have a "parent, guardian, or custodian present[.]" The obvious purpose of giving a juvenile the right to have a "parent, guardian, or custodian" present during an interrogation is to help the juvenile understand his situation and the warnings he is being given so that he can make a knowing and intelligent decision about whether he should waive his right to be silent. Cases which have addressed this situation focus on the legal authority of the person over the juvenile. *See State v. Oglesby*, 361 N.C. 550, 648 S.E.2d 819 (2007); *State v. Jones*, 147 N.C. App. 527, 556 S.E.2d 644 (2001), *disc. review denied*, 355 N.C. 351, 562 S.E.2d 427 (2002). Even the Nash County form recognized the importance of the person's legal authority over the juvenile, as it has a section for the signature of the parent, guardian, or custodian, if the child does choose to waive his rights, which certifies that the parent, guardian, or custodian understands the child's rights and is "willing to have him/her make a statement and answer questions." It further states that "I do not want an attorney for my child at this time. I understand and know what he/she is doing and voluntarily consent to have him/her answer your questions." Bill did not have any legal authority to consent on behalf of Micah or Micah's parents to permit Micah to answer questions or to waive his right to counsel. In fact, Bill did not attempt to exercise any authority over Micah, as he did not ask any questions, explain anything to Micah, or intervene in the interrogation in any way.

The State argues that Investigator Strickland "provided [Micah] with more that he was entitled to under the law," as he was permitted to have his brother present, even though he was not a parent, guardian, or custodian. The State also properly notes that Micah, at age fifteen, could have been questioned without anyone present, if he waived his right. The fallacy in the State's argument is that Investigator Strickland gave Micah an improper choice. If Investigator Strickland had advised Micah properly that his only options were to have a parent, guardian, or custodian present, to have an attorney present, or to talk to her alone, Micah would have had to make the decision either to talk to Investigator Strickland alone or to have his mother, his father, or both, or an attorney present. There is no way to know if he would have waived his rights and talked to Investigator Strickland alone or if he would have asked for one of his parents. He may have refused to talk to Investigator Strickland at all, or his parent may have prevailed upon Micah not to answer

Investigator Strickland's questions, had a parent been present. The State argues that Investigator Strickland allowed Bill to be present "to make [Micah] more comfortable . . . ." Certainly, as a fifteen-year-old boy, Micah might have felt more comfortable with Bill present; he may have been embarrassed or even afraid for a parent to be present, given the subject matter of the questioning. However, the relevant concern is not Micah's comfort but that he be properly advised of his rights and that if he exercised his right to have someone present during his interrogation, that the person must be a parent, guardian, or custodian. In fact, trying to make Micah more "comfortable" could be construed as an effort to make him more willing to make harmful admissions to the law enforcement officer.

Our construction of N.C. Gen. Stat. § 7B-2101's requirements based upon its plain language—no more, no less—is in keeping with our Supreme Court's holding in *In re T.E.F.*, 359 N.C. 570, 614 S.E.2d 296 (2005). Although *T.E.F.* addressed different issues than this case, the Supreme Court stressed that the burden upon the State to ensure that a juvenile's rights are protected is greater than in the criminal prosecution of an adult. *Id.* at 575, 614 S.E.2d at 299. In *T.E.F.*, the Supreme Court reversed the trial court's acceptance of a juvenile's admission of delinquency in an adjudicatory hearing where the trial court failed to advise the juvenile specifically as to each of six required areas of inquiry under N.C.G.S. § 7B-2405 (2003). *Id.* The Supreme Court noted the "mandatory nature of the six requirements listed in N.C.G.S. § 7B-2407(a)" and rejected a "totality of the circumstances" test as may be applied in the context of a guilty plea by an adult defendant. *Id.* at 574-75, 614 S.E.2d at 298-99.

The Court went on to conclude:

We also recognize the fact that there are significant differences between adult criminal trials and juvenile proceedings. *In re Chavis*, 31 N.C. App. 579, 581, 230 S.E.2d 198, 200 (1976), *cert. denied*, 291 N.C. 711, 232 S.E.2d 203 (1977). Our courts have consistently recognized that "[t]he [S]tate has a *greater* duty to protect the rights of a respondent in a juvenile proceeding than in a criminal prosecution." *State v. Fincher*, 309 N.C. 1, 24, 305 S.E.2d 685, 699 (1983) (Harry Martin, J., concurring) (citing *In re Meyers*, 25 N.C. App. 555, 558, 214 S.E.2d 268, 270 (1975) (holding that in a juvenile proceeding, unlike an ordinary criminal proceeding, the burden upon the State to see that a juvenile's rights are protected is increased rather than decreased).

*Id.* at 575, 614 S.E.2d at 299. We hold that the trial court erred in denying Micah's motion to suppress his incriminating statements.

**[3]** Micah contends that if this Court finds that the trial court committed a statutory violation in denying his motion to suppress his statements then he was prejudiced by this error.

N.C. Gen. Stat. § 15A-1443(a) (2007) states

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant . . . .

See *In re Butts,* 157 N.C. App. 609, 582 S.E.2d 279 (2003) (harmless error analysis under N.C. Gen. Stat. § 15A-1443(a) applicable to adjudication of delinquency), *appeal dismissed and disc. rev. improvidently allowed,* 358 N.C. 370, 595 S.E.2d 146 (2004) (per curiam). At his adjudication hearing, Micah entered an admission to one count of felonious sex offense with a child, only after the trial court denied his motion to suppress his statements. The only evidence introduced at the adjudication hearing was Investigator Strickland's brief summary of the statements given by Jake, the nine-year-old victim, and statements given by Micah in which he admitted to all of the charges against him. The record does not show that any physical evidence was presented, and no expert testimony was offered by the State regarding the charged offenses. Jake's statements provided evidence of the crime, but the introduction of Micah's own statements provided much more evidence of guilt. As stated above, Micah's statements were admitted as a result of a statutory violation of N.C. Gen. Stat. § 7B-2101. Without the admission of these statements, the State's case would have been much weaker and Micah may not have admitted to any of the charges against him or the court may have found insufficient evidence to adjudicate Micah delinquent. We hold that Micah has met his burden of showing that there was a reasonable possibility a different result would have been reached had he been properly advised of his rights, and this error was prejudicial to Micah.

We therefore hold that the trial court erred by denying Micah's motion to suppress his incriminating statement because his waiver was not made "knowingly, willingly, and understandingly" where he was advised incorrectly as to his right to have a person who was

REESE v. MECKLENBURG CNTY.

[200 N.C. App. 491 (2009)]

not his parent, guardian, or custodian present during his custodial interrogation, and he chose to have his brother Bill present. Since we find that this statutory error was prejudicial to Micah, we reverse the order denying Micah's motion to suppress, vacate the order adjudicating him as delinquent, and remand to the trial court for further proceedings.

Because we hold that the statement is inadmissible under N.C. Gen. Stat. § 7B-2101, we need not address Micah's constitutional arguments that admission of his statement was in violation of his rights under the 5th, 6th, or 14th Amendments to the United States Constitution.

Reverse and Remand.

Judges WYNN and BEASLEY concur.