IN THE MATTER OF: M.W.
No. COA09-941.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Janette Soles Nelson, for the State.
Geeta Kapur for juvenile-appellant.

UNPUBLISHED OPINION
ROBERT N. HUNTER, JR., Judge.
Juvenile appeals from a disposition order imposing level 1 and 2 punishment following his adjudication on 18 December 2008 of delinquency for commission of the offense of possession of stolen property. Juvenile also appeals through the same written notice of appeal an adjudication order entered 13 August 2008 adjudicating juvenile delinquent for the offense of injury to personal property. Juvenile contends the trial court lacked subject matter jurisdiction to enter the 13 August 2008 adjudication order.
Before addressing the merits of the appeal, we address the State's argument that juvenile failed to give timely notice of appeal. Notice of appeal in a juvenile action is governed by N.C. Gen. Stat. § 7B-2602, which provides:
Upon motion of a proper party as defined in G.S. 7B-2604, review of any final order of the court in a juvenile matter under this Article shall be before the Court of Appeals. Notice of appeal shall be given in open court at the time of the hearing or in writing within 10 days after entry of the order. However, if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry.
N.C. Gen. Stat. § 7B-2602 (2009). An appealable final order includes "[a]ny order of disposition after an adjudication that a juvenile is delinquent or undisciplined[.]" N.C. Gen. Stat. § 7B-2602(3). The written notice of appeal must identify the final disposition order of which review is sought; otherwise, this Court lacks jurisdiction and the appeal will be dismissed. In re A.L., 166 N.C. App. 276, 277-78, 601 S.E.2d 538, 538-39 (2004).
The record shows that in its 13 August 2008 adjudication order, the court continued the case for disposition until 21 August 2008. When juvenile's parent failed to appear for the hearing on 21 August 2008, the court issued an order to show cause. On 24 September 2008, the court continued the disposition and show cause hearing until 22 October 2008.
Meanwhile, two new juvenile petitions were filed on 20 October 2008 accusing juvenile of possession of stolen property and resisting a law enforcement officer. At the call of the matter for hearing on 22 October 2008, juvenile argued a motion to vacate the 13 August 2008 adjudication order on the ground the court lacked subject matter jurisdiction because the petition was not filed in a timely manner. The court did not rule upon the motion to vacate but continued the motion, pending disposition and show cause hearing, and the adjudication of the new charges to 20 November 2008. After one more continuance, the court heard all pending matters on 18 December 2008. The court filed an order on 18 December 2008 adjudicating juvenile delinquent for possession of stolen property and dismissing the show cause proceeding against the parent. The court also filed a disposition order entering disposition based upon the more serious offense of misdemeanor possession of stolen property.
The State argues that because the court did not enter a disposition on the 13 August 2008 adjudication order within sixty days, notice of appeal was required to be given within seventy days after entry of the adjudication order, which would have been 22 October 2008. The State misreads the statute, as the statute provides that the appellant "may" give notice of appeal within seventy days. N.C. Gen. Stat. § 7B-2602. The statute does not mandate that notice of appeal be given prior to entry of the disposition order if the disposition order is not entered within sixty days. Even if juvenile had given notice of appeal within 70 days, the appeal would have been subject to dismissal because a final disposition order had not been entered. See In re Laney, 156 N.C. App. 639, 642, 577 S.E.2d 377, 379, disc. review denied, 357 N.C. 459, 585 S.E.2d 762 (2003)(appeal was subject to dismissal when final disposition order had not been entered at time of notice of appeal). The court entered disposition on the 13 August 2008 adjudication when it entered the 18 December 2008 disposition order. At that point a final order was entered and notice of appeal was required to be given within ten days by the terms of the statute, as was done by juvenile.
Having determined that notice of appeal was timely given, we now address the merits of the appeal. Juvenile contends that the trial court lacked subject matter jurisdiction because the petition was not timely filed. "In reviewing a question of subject matter jurisdiction, our standard of review is de novo." In re K.A.D., 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007). A court's lack of subject matter jurisdiction may not be waived and may be raised as an issue for the first time on appeal. In re Green, 67 N.C. App. 501, 504, 313 S.E.2d 193, 195 (1984). As required by statute, a juvenile court counselor, upon receiving a complaint concerning a juvenile, must determine within fifteen days after its receipt whether the complaint should be filed as a juvenile petition. N.C. Gen. Stat. § 7B-1703(a) (2009). The counselor must file the petition within fifteen days after receiving the complaint. N.C. Gen. Stat. § 7B-1703(b). The fifteen-day period may be extended by a maximum of fifteen days at the discretion of the chief juvenile court counselor. Id. If the petition is not timely filed, the court lacks subject matter jurisdiction. In re J.B., 186 N.C. App. 301, 303, 650 S.E.2d 457, 458 (2007).
The record shows that the complaint giving rise to the petition was made on 1 May 2008 and that the petition was filed on 29 May 2008. The transcript of the 22 October 2008 hearing shows that although a written order allowing the permitted extension of time does not appear in the court file, the court counselor's computer system indicated that the chief court counselor granted the fifteen-day extension of time permitted by the statute on 2 May 2008 due to "time constraints associated with" a high volume of cases. Therefore, we conclude the filing of the petition on 29 May 2008 was timely and the court was vested with subject matter jurisdiction.
Notwithstanding, juvenile challenges the validity of the extension granted by the chief juvenile court counselor by asserting the counselor abused his discretion. Juvenile cites In re K.W., 191 N.C. App. 812, 815, 664 S.E.2d 66, 68 (2008), for the proposition that "the chief juvenile court counselor is required to provide some indication that he or she properly exercised discretion in extending the fifteen-day period . . . and do so in a manner which allows the trial and appellate courts of this state some meaningful review of that decision." The record in K.W. failed to show, unlike here, that the chief juvenile court counselor ever granted an extension of time and hence exercised his discretion. The chief juvenile court counselor in the case at bar exercised his discretion by granting the extension of time and gave a rational reason for the exercise of his discretion, namely, time constraints due to a high volume of cases. The chief juvenile court counselor did not abuse his discretion.
The order is
Affirmed.
Judges McGEE and GEER concur.
Report per Rule 30(e).