DIETZ, Judge.
Fifteen-year-old T.E.B., III brought this interlocutory appeal from his adjudication as delinquent, before the trial court entered a final order of disposition. By statute, this type of interlocutory appeal may be brought only afterthe trial court has failed to conduct the disposition hearing within 60 days of adjudication.
Here, T.E.B. filed a written notice of appeal beforethe 60-day time period had expired. The trial court then entered an order indicating that it would stay disposition pending resolution of that interlocutory appeal. Accordingly, under settled precedent from this Court, we lack appellate jurisdiction and must dismiss this interlocutory appeal.
Facts and Procedural History
On 13 May 2014, the State filed a juvenile petition against fifteen-year-old T.E.B. alleging misdemeanor possession of marijuana and possession of drug paraphernalia. On 1 July 2014, T.E.B. moved to suppress the drugs and drug paraphernalia on the ground that law enforcement lacked reasonable suspicion to stop him. On 21 July 2014, the trial court heard the motion to suppress and denied it from the bench. That same day, T.E.B. filed a transcript of admission, the juvenile equivalent of a guilty plea, and admitted the charges while reserving the right to appeal the denial of his motion to suppress. T.E.B. filed a notice of appeal that same day. The trial court's order on T.E.B.'s transcript of admission stated that "disposition is stayed until appeal is resolved."
Analysis
We must dismiss this appeal for lack of appellate jurisdiction. As a general matter, there is no right of immediate appeal from an interlocutory order, "which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham,231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).
An adjudication of delinquency, including an adjudication following a juvenile's admission to the charges, is not a final order and therefore is not appealable. See In re A.J.M.-B.,212 N.C.App. 586, 588, 713 S.E.2d 104, 107 (2011). Likewise, the order denying T.E.B.'s motion to suppress "is clearly an interlocutory order." State v. Turner,305 N.C. 356, 361, 289 S.E.2d 368, 372 (1982).
Section 7B-2602 of our Juvenile Code authorizes an appeal from these interlocutory orders only "if no disposition is made within 60 days after entry of the order," in which circumstance "written notice of appeal may be given within 70 days after such entry." N.C. Gen.Stat. § 7B-2602 (2013) ; In re Taylor,57 N.C.App. 213, 213-14, 290 S.E.2d 797, 797-98 (1982).
As this Court has explained in similar juvenile proceedings, "an appeal cannot be taken from the adjudication or temporary dispositional order until the sixty-day period has run." In re Laney,156 N.C.App. 639, 643, 577 S.E.2d 377, 379 (2003). "If a final order has not been entered at the conclusion of this sixty-day period, the statute provides a ten-day period to appeal the initial order."Id.In other words, the juvenile must wait for 60 days to determine if the court will enter a disposition order. Only afterthe 60-day period expires may a juvenile file a notice of appeal from an interlocutory order relating to the adjudication of delinquency.
Here, T.E.B. did not wait until after the 60-day period had expired before appealing, and thus we lack jurisdiction to consider the merits of this appeal. We note that, after the 60-day period had expired, T.E.B. filed another notice of appeal. That appeal was ineffective. The trial court already had stayed further proceedings pending resolution of T.E.B.'s initial, untimely appeal, concluding that it was divested of jurisdiction in light of that appeal. Cf. In re J.F.,--- N.C.App. ----, ----, 766 S.E.2d 341, 348 (2014). Thus, the case is before this Court solely on T.E.B.'s initial notice of appeal, over which we lack appellate jurisdiction.
DISMISSED.
Judges BRYANT and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by juvenile from orders entered 23 and 24 July 2014 by Judge Vinston Rozier in Wake County District Court. Heard in the Court of Appeals 27 April 2014.