McGEE, Chief Judge.
*431 Respondent-Mother appeals from the trial court's order adjudicating P.S. ("the child") neglected and transferring the case to Cabarrus County. For the following reasons, we dismiss Respondent-Mother's appeal.
*371 The Alleghany Department of Social Services ("DSS") first became involved with the family after receiving a report on 18 September 2013 alleging that Respondent-Mother was impaired and had overdosed on drugs. The investigating social worker found that Respondent-Mother was unable to supervise the child, so the social worker arranged for the child to stay with a family friend who frequently provided care for the child. Respondent-Mother entered into a service plan with DSS, which required her to attend parenting classes and substance abuse classes.
DSS filed a juvenile petition on 29 May 2014, alleging that the child was neglected in that he did not receive proper care, supervision, or discipline from his parents and lived in an environment injurious to his welfare. DSS filed the petition after having received a second report that Respondent-Mother was impaired while caring for the child. In the petition, DSS requested that "the [trial court] hear the case to determine whether the allegations are true and whether the juvenile is in need of the care, protection, or supervision of the State."
The trial court conducted a hearing on 2 September 2014 ("the hearing") and entered a corresponding order on 2 October 2014. At the outset of the hearing, both parents moved to have the case transferred to Cabarrus County. The trial court denied their motion for immediate transfer, but limited the hearing to adjudication. The trial court concluded that the child was neglected, and "[t]hat continued custody of the minor child in the home of his parents [was] contrary to the safety, health and welfare of the minor child."
Following the adjudication, the trial court transferred the case to Cabarrus County. The trial court found that disposition in Cabarrus County was appropriate because Respondent-Mother, the father, and the child were all residing in Cabarrus County as of the date of the hearing. Respondent-Mother and the father had moved to Cabarrus County after being evicted from their apartment on 7 July 2014. At some point during the pendency of the case, the child was placed with his half-sister, the adult daughter of the child's father, who also resided in Cabarrus County. Due to the transfer of the case, the trial court did not conduct a disposition hearing or enter an order on disposition. However, the trial court gave temporary custody of the child to Alleghany DSS with custody to *432 Cabarrus DSS; the trial court also ordered that the "[c]urrent placement with [the child's half-sister] is approved." Respondent-Mother appeals.
The guardian ad litem ("GAL") has filed a motion to dismiss Respondent-Mother's appeal. The GAL argues that, because the trial court entered an order only on adjudication and motion to transfer and not a final disposition order, the order is interlocutory and not appealable pursuant to N.C. Gen.Stat. § 7B-1001(a) (2013). For the reasons that follow, we agree.
The right to appeal in juvenile actions arising under Chapter 7B is governed by N.C. Gen.Stat. § 7B-1001(a). This statute provides that "[i]n a juvenile matter under this Subchapter, appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals." N.C. Gen.Stat. § 7B-1001(a) (2013) (emphasis added). This statute then lists six specific types of orders from which appeal may be taken, including "[a]ny initial order of disposition and the adjudication order upon which it is based." N.C. Gen.Stat. § 7B-1001(a)(3). The GAL argues that Respondent-Mother's appeal is not permitted under this subsection, because the trial court did not enter a final disposition order-it only entered an adjudication order, which included a temporary disposition. We agree.
N.C. Gen.Stat. § 7B-1001(a)(3) specifies that an adjudication order may only be appealed along with a corresponding disposition order, which is lacking in this case. Furthermore, this Court has repeatedly held that appeal from a temporary disposition order is not authorized under N.C. Gen.Stat. § 7B-1001(a)(3). In re C.M., 183 N.C.App. 207, 215-16, 644 S.E.2d 588, 595 (2007) ; In re Laney, 156 N.C.App. 639, 641-42, 577 S.E.2d 377, 378-79 (2003). Therefore, Respondent-Mother's appeal from the adjudication order is not permitted under subsection (a)(3).
*372 Respondent-Mother submits, however, that the order is appealable under N.C. Gen.Stat. § 7B-1001(a)(4), which provides for appeal from "[a]ny order, other than a nonsecure custody order, that changes legal custody of a juvenile." We disagree. First, we note that Section 7B-1001(a) specifies that appeal lies only from "a final order" entered by a court in a juvenile matter (emphasis added). An adjudication order-even where it includes a temporary disposition-is not a final order as contemplated by our juvenile code.
Section 7B-1001 specifically delineates the juvenile orders that may be appealed and does not provide that a party may appeal a temporary dispositional order. N.C.G.S. § 7B-1001(a) (2005) ; see *433 In re Laney, 156 N.C.App. 639, 643, 577 S.E.2d 377, 379 [ (2003) ] (construing a prior version of Section 7B-1001, the Laney Court held that a party was not entitled to appeal an adjudication and temporary dispositional order in that it was not a final order). Accordingly, respondent ... is not entitled to appeal the temporary dispositional order. See Laney at 642, 577 S.E.2d at 379 ("The broad reading advocated by respondent would open the door for multiple appeals whenever adjudication orders and temporary dispositions are entered before a final disposition. The statutory language does not show that the General Assembly intended this result."). Therefore, the assignments of error challenging the temporary dispositional order are dismissed.
C.M., 183 N.C.App. at 215-16, 644 S.E.2d at 595.
Furthermore, the trial court granted only temporary custody to DSS, pending the initial disposition hearing to be conducted in Cabarrus County and associated order. We find that temporary custody is not akin to the type of custody change contemplated by the General Assembly in enacting N.C. Gen.Stat. § 7B-1001(a)(4). See, e.g., In re J.V. & M.V., 198 N.C.App. 108, 111, 679 S.E.2d 843, 844-45 (2009) (finding that review of a permanency planning order was appropriate where the order granted guardianship, which modified custody). The temporary custody awarded here by the trial court is analogous to nonsecure custody, which the General Assembly specifically exempted from appeal under subsection (a)(4). We find further support for this position in our treatment of temporary custody orders arising under Chapter 50 of the General Statutes. We have repeatedly held that such orders are interlocutory and not immediately appealable. See, e.g., File v. File, 195 N.C.App. 562, 569, 673 S.E.2d 405, 410-11 (2009) ; Berkman v. Berkman, 106 N.C.App. 701, 702, 417 S.E.2d 831, 832 (1992). Based on the foregoing, we find no support for the position that subsection (a)(4) creates a separate route of appeal from the interlocutory order in this case.
We note that Respondent-Mother will be afforded an opportunity to appeal the 2 October 2014 adjudication order once the disposition hearing is conducted in Cabarrus County-pursuant to her motion to transfer-and the order on disposition is entered. We further note that had Respondent-Mother not attempted appeal from the adjudication order, the dispositional hearing should have been completed by 2 October 2014, and the order on disposition entered within thirty days thereafter. N.C. Gen.Stat. § 7B-901 (2013) ("The dispositional hearing shall take place immediately following the adjudicatory hearing [which occurred *434 on 2 September 2014] and shall be concluded within 30 days of the conclusion of the adjudicatory hearing."); N.C. Gen.Stat. § 7B-905(a) (2013) ("The dispositional order shall be in writing, signed, and entered no later than 30 days from the completion of the hearing[.]").
In conclusion, we hold that Respondent-Mother has failed to demonstrate that she is entitled to immediate appeal of the trial court's order pursuant to N.C. Gen.Stat. § 7B-1001(a). We therefore dismiss Respondent-Mother's appeal.
APPEAL DISMISSED.
Judges CALABRIA and HUNTER, JR. concur.