DIETZ, Judge.
Respondent appeals from adjudication and disposition orders adjudicating her minor child Kelly[1] to be an abused and neglected juvenile, granting sole custody of Kelly to her biological father, and terminating the juvenile court's jurisdiction. As explained below, we affirm the trial court's adjudication order but reverse the disposition order in part.
Facts and Procedural History
This Court addressed the underlying facts of this case in a previous opinion, and we reference that opinion rather than fully restate those facts here. In re K.W. , No. COA17-735, --- N.C. App. ----, 809 S.E.2d 376, 2018 WL 710061 (2018) (unpublished). In the previous appeal, Respondent, who is Kelly's biological mother, challenged the trial court's order adjudicating Kelly to be an abused, neglected, and dependent juvenile and ceasing reunification efforts with Respondent. We held on appeal that the trial court's order lacked necessary findings of fact and remanded for further proceedings. Id.
On remand, Respondent's counsel requested a new hearing for adjudication and disposition. On 9 March 2018, the trial court denied Respondent's motion for a new adjudication hearing and entered an order, adjudicating Kelly to be an abused, neglected, and dependent juvenile. The next day, the court held a disposition hearing where it took new evidence. On 26 April 2018, the trial court entered its disposition order, concluding that it was in Kelly's best interests to be placed in the sole legal and physical custody of her biological father. The court further concluded that Respondent should have no contact with Kelly, that state intervention in the case was no longer needed, and that a civil custody order should be entered to convert the juvenile case to a Chapter 50 custody matter. The trial court directed the attorney representing Kelly's biological father to prepare the civil custody order, suspended Respondent's visitation with Kelly, ordered Respondent to file a motion in the civil custody case if she wished to have visitation with Kelly, and terminated jurisdiction over the juvenile case. Respondent timely appealed.
Analysis
I. Jurisdiction
We first address Petitioners' argument that this case should be dismissed as interlocutory because Respondent is not appealing from a final order. Petitioners argue that the trial court's disposition order, which suspended Respondent's visitation with Kelly, is only temporary "until the entry of the Chapter 50 order and initiation of the civil custody case." Thus, Petitioners reason, the trial court's order is a temporary, non-final order that is not immediately appealable.
The flaw in this argument is that this Court has found similar orders to be non-final only when the trial court's order indicates that it is not final and that there will be further proceedings on that issue in that case. See, e.g., In re P.S. , 242 N.C. App. 430, 431-32, 775 S.E.2d 370, 371 (2015). Here, by contrast, the trial court's order does not indicate that it is temporary or that the court expects to consider the underlying issues again in this juvenile proceeding. Although the trial court anticipated that Respondent could seek visitation in a future family law proceeding under Chapter 50, that proceeding is a separate civil matter. With respect to this juvenile proceeding, the trial court's orders are a final adjudication and disposition of the matter. We therefore hold that Respondent has a statutory right of appeal. See N.C. Gen. Stat. § 7B-1001(a)(3).
II. No Contact Order
Respondent challenges the portion of the trial court's dispositional order determining that "[i]t is in the best interest of the juvenile that the mother has no contact at this time." As explained below, we are unable to engage in meaningful review of that determination based on the contents of the existing dispositional order, and we therefore vacate and remand that portion of the order for further proceedings.
"This Court reviews the trial court's dispositional orders of visitation for an abuse of discretion." In re C.M. , 183 N.C. App. 207, 215, 644 S.E.2d 588, 595 (2007). When an order removes custody of a juvenile from a parent under N.C. Gen. Stat. § 7B-905.1(a), if the trial court determines that visitation by that parent would be inappropriate, the court must "address that issue in its dispositional order" and "specifically determine that such a plan would be inappropriate in light of the specific facts under consideration." In re K.C ., 199 N.C. App. 557, 562, 681 S.E.2d 559, 563 (2009).
Here, in the trial court's conclusions of law, the court twice concluded that it was in Kelly's best interests to have no contact with Respondent "at this time." But the court's findings do not specifically address visitation and we are unable to discern which facts in the court's order were the basis for the court's conclusions. For example, the court made findings concerning reunification that also could be relevant to visitation:
21. The barriers to reunification are:
• The mother remains in a relationship with [Kelly's] perpetrator
• The mother does not believe [Kelly] was abused by her boyfriend
• The mother has not maintained contact with [DHHS]
But these findings support some form of limited, supervised visitation-nothing in these findings suggests that whatever risk is posed by Respondent's ongoing relationship with her boyfriend could not be addressed through supervision during visitation. More importantly, these findings are expressly directed at reunification, not visitation. The same is true for the remaining findings in the court's order. Simply put, we are unable to confirm from this order that the trial court, in the exercise of its sound discretion, specifically determined that visitation "would be inappropriate in light of the specific facts under consideration." Id. We therefore vacate the portion of the trial court's order addressing visitation and remand for further proceedings. Our holding does not mean that the trial court lacks authority to deny Respondent any visitation. On remand, we leave it to the trial court, in its sound discretion, to determine whether to conduct further proceedings or to enter a new order on the existing record.
Conclusion
We reverse the portion of the trial court's disposition order addressing Respondent's visitation and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; VACATED IN PART AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.

We use a pseudonym to protect the juvenile's identity.