IN THE MATTER OF: JAMES LEE PEGRAM

No. COA99-731

(Filed 4 April 2000)

**Appeal and Error— appealability—juvenile—adjudicatory portion of case—not a final order**

Respondent-parents' appeal of an adjudicatory portion of a case filed by the Department of Social Services to have a minor child declared "dependent" under N.C.G.S. § 7A-517(13) is dismissed because the appeal is premature since N.C.G.S. § 7A-666 only authorizes the appeal of a final order in a juvenile matter.

Appeal by respondents from an order entered 3 March 1999 by Judge Joseph M. Buckner in Chatham County District Court. Heard in the Court of Appeals 14 February 2000.

*Chatham County Department of Social Services, by Lunday A. Riggsbee, for petitioner appellee.*

*Baddour & Milner, P.L.L.C., by Allen Baddour, for Mary Pegram, respondent appellant.*

*Gregory W. Stafford, for Ronnie Pegram, respondent appellant.*

*Karen Davidson for Guardian Ad Litem.*

HORTON, Judge.

This appeal arises from an adjudication on a petition filed by Chatham County Department of Social Services (DSS) to have a minor child declared to be "dependent" within the meaning of N.C.

Gen. Stat. § 7A-517(13) (1995). On 20 January 1999, the trial court adjudicated the child to be a dependent child within the meaning of the statute, and gave DSS temporary custody of the child pending a final disposition on 3 February 1999.

Mary and Ronnie Pegram (respondents), the parents of the child, filed notice of appeal on 5 March 1999. Their written notice specifically states that they are appealing the order of the trial court signed 2 March 1999. Because we find that respondents' appeal is premature, we must dismiss the appeal and remand the case for a final disposition.

N.C. Gen. Stat. § 7A-666 (1995) authorizes the appeal of any final order in a juvenile matter. It provides that notice of appeal must be entered either

> in open court at the time of the hearing or in writing within 10 days after entry of the order. However, if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry. A final order shall include: ·
>
> . . . .
>
> (3) Any *order of disposition* after an adjudication that a juvenile is delinquent, undisciplined, abused, neglected, or dependent . . . .

*Id.* (emphasis added). The statute does not authorize an appeal following the *adjudicatory* portion of the case. This appeal having been prematurely filed, must be dismissed and the case remanded to the trial court for entry of a dispositional order.

Appeal dismissed and case remanded for disposition.

Chief Judge EAGLES and Judge McGEE concur.