IN THE MATTER OF: A.L.

No. COA03-696

(Filed 7 September 2004)

**Appeal and Error— delinquency adjudication—disposition not appealed—jurisdiction**

An appeal from a delinquency adjudication was dismissed for lack of jurisdiction where the notice of appeal was filed after the disposition hearing but referred only to the adjudication. Under N.C.G.S. § 7B-2602 (2003), appealable final orders in juvenile mat-ters include orders of disposition after an adjudication, but the statute does not authorize appeals following the adjudicatory portion of the case. Nothing here indicates that the disposition order was appealed.

**IN RE A.L.**

[166 N.C. App. 276 (2004)]

Appeal by juvenile from finding of delinquency entered 29 October 2002 by Judge Elaine M. O'Neal in the District Court in Durham County. Heard in the Court of Appeals 3 March 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Joseph E. Kennedy, for juvenile-appellant.*

HUDSON, Judge.

On 29 October 2002, the court adjudicated juvenile A.L. delinquent upon a violation of N.C. Gen. Stat. § 14-177, which prohibits crime against nature. The juvenile was nine-years-old at the time of the hearing. On 8 December 2002, the court entered an order of disposition. As explained below, we dismiss this appeal for lack of jurisdiction.

Evidence at the hearing tended to show that on 17 July 2002, A.L. was playing outside a neighbor's house with an unsupervised group of children ranging in age from eleven months to twelve years. An eleven-year-old child held the eleven-month-old baby on his lap, when A.L. asked the group of kids if anyone dared him to put his "thing" in the baby's mouth. Another boy said "Me", whereupon A.L. unzipped his pants and placed his penis in the baby's mouth.

The Court of Appeals has limited jurisdiction to review final orders of the trial court in juvenile matters. Notice of appeal must be made in open court at the time of the hearing or in writing within ten days after the entry of the order. N.C. Gen. Stat. § 7B-2602 (2003). Appealable final orders include "[a]ny order of disposition after an adjudication that a juvenile is delinquent or undisciplined." *Id.* "The statute does not authorize an appeal following the *adjudicatory* portion of the case." *In re Pegram*, 137 N.C. App. 382, 383, 527 S.E.2d 737, 738 (2000 (emphasis in original).

It is well established that "[f]ailure to give timely notice of appeal . . . is jurisdictional, and an untimely attempt to appeal must be dismissed." *In re Lynette H.*, 323 N.C. 598, 602, 374 S.E.2d 272, 274 (1988) (quoting *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983)). Here, the juvenile's attorney filed a notice of appeal on 8 December 2002, following the hearing on disposition. The notice of appeal, however, refers only to the order entered 29 October 2002, with its "finding adjudication of delinquency," and mentions neither the disposition nor the order dated 8 December 2002.

**IN RE A.L.**

[166 N.C. App. 276 (2004)]

Since nothing in the record indicates that the order was appealed, we must conclude that we have no jurisdiction to review this matter. Accordingly, we dismiss this appeal.

Dismissed.

Judges MARTIN and GEER concur.