625 S.E.2d 589 (2006)
In the Matter of A.L.A., a minor child.
No. COA05-505.
Court of Appeals of North Carolina.
February 7, 2006.
County Attorney S.C. Kitchen, by Deputy County Attorney Thomas W. Jordan, Jr., Durham, for petitioner-appellee.
Mercedes O. Chut, for respondent-appellant.
Wendy C. Sotolongo, Durham, for guardian ad litem-appellee.
*590 GEER, Judge.
Respondent father appeals from an order entered 1 December 2004, adjudicating his daughter A.L.A. to be a neglected and abused child. Because he has not appealed from the district court's final dispositional order entered on the same date, we grant the motion to dismiss filed by petitioner Durham County Department of Social Services ("DSS") and the guardian ad litem. Although the respondent father has asked us to deem his appeal to be a petition for writ of certiorari, to do so would be futile since the district court has since entered an order terminating his parental rights.
A.L.A. was born on 26 March 2002. On 12 August 2002, DSS filed a petition alleging that A.L.A. was an abused and neglected child. According to the petition, doctors at the Duke University Medical Center believed that she was suffering from shaken baby syndrome resulting in bilateral subdural hematomas in the front of her brain. In March 2003, A.L.A. was adjudicated abused and neglected and was removed from the custody of her parents. The parents claimed at the time that no one had shaken the baby, but rather that her head injuries resulted from a car accident.
After A.L.A. spent a period in foster care and then time living with her parents, the court formally returned custody of A.L.A. to her parents in mid-November 2003. In late November 2003, however, A.L.A.'s father took her to the emergency room at Duke University Medical Center. A.L.A. was also seen in the emergency room again a few days later with similar symptoms. Although her father stated that she had a seizure after falling off a tricycle onto a carpeted floor, doctors at Duke concluded that she had suffered a new subdural hematoma, most likely caused by someone shaking the child.
On 12 December 2003, DSS filed a second petition alleging abuse and neglect. On the same date, the district court entered an order for nonsecure custody returning A.L.A. to the custody of DSS. After hearing three days of testimony in September and October 2004, including expert testimony from both petitioner and the respondent father, the court continued the proceedings before conducting an additional day of testimony on 15 November 2004 as to the dispositional phase. The court then entered two separate orders on 1 December 2004:(1) an adjudication order concluding that A.L.A. was neglected and abused and (2) an order of disposition continuing custody of the child in DSS and directing DSS to cease reunification efforts with A.L.A.'s parents. The respondent father filed a notice of appeal of the "final order of adjudication signed by Durham County District Court Judge James T. Hill on November 30, 2004."[1] DSS and the guardian ad litem have moved to dismiss the respondent father's appeal under N.C. Gen. Stat. § 7B-1001(3) (2003).[2]
N.C.R.App. P. 3(d) requires that a notice of appeal designate the order from *591 which appeal is taken. In this case, the notice of appeal references only the order of adjudication. As petitioners note in their motion to dismiss, N.C. Gen.Stat. § 7B-1001(3) (emphasis added) authorizes an appeal from an "order of disposition after an adjudication that a juvenile is abused, neglected, or dependent." This Court has previously held in In re Laney, 156 N.C.App. 639, 642, 577 S.E.2d 377, 379, disc. review denied, 357 N.C. 459, 585 S.E.2d 762 (2003), that an appeal from an adjudication order and a temporary dispositional order was not properly before this Court under N.C. Gen. Stat. § 7B-1001(3). Similarly, we have dismissed an appeal in a juvenile delinquency case when the notice of appeal referenced only the adjudication and not the disposition. In re A.L., 166 N.C.App. 276, 277-78, 601 S.E.2d 538, 538-39 (2004). Laney and A.L. require dismissal.
The respondent father nevertheless argues that he should be permitted to appeal under N.C. Gen.Stat. § 7B-1001(4), which allows an appeal from "[a]ny order modifying custodial rights." Even if this general provision could override the more specific language of N.C. Gen.Stat. § 7B-1001(3), a question we do not reach, the adjudication order did not modify custody, but rather stated that "[t]he child shall continue in the nonsecure custody of [DSS] with placement authority in that agency pending a hearing on disposition." Moreover, the dispositional phase was the phase specifically addressing custody of A.L.A. and, as we have noted, the father has not appealed from the dispositional order.
Alternatively, the respondent father requests that we treat his appeal as a petition for writ of certiorari under N.C.R.App. P. 21. On 1 November 2005, however, the respondent father's parental rights were terminated. Even if we were to grant the father's request, we would then be required to dismiss the appeal as moot under In re R.T.W., 359 N.C. 539, 553, 614 S.E.2d 489, 498 (2005) ("[A] trial court retains jurisdiction to terminate parental rights during the pendency of a custody order appeal in the same case. The termination order necessarily renders the pending appeal moot."). See also In re Stratton, 159 N.C.App. 461, 464, 583 S.E.2d 323, 325 (holding that order terminating parental rights rendered moot an appeal from an initial adjudication and disposition), appeal dismissed and disc. review denied, 357 N.C. 506, 588 S.E.2d 472 (2003). This appeal is, therefore, dismissed.
Appeal dismissed.
Judges HUNTER and McCULLOUGH concur.
NOTES
[1] A.L.A.'s mother is not a party to this appeal.
[2] We note that N.C. Gen.Stat. § 7B-1001 has been substantially amended. 2005 N.C. Sess. Laws 398, sec. 10. The amendments apply to petitions or actions filed on or after 1 October 2005, 2005 N.C. Sess. Laws 398, sec. 19; therefore, the present litigation is unaffected by the changes.