IN THE MATTER OF: J. B. R.
No. COA07-1251
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Jane L. Oliver, for the State.
Mary McCullers Reece, for juvenile-appellant.
STEELMAN, Judge.
Where juvenile appealed only from the adjudication order, and on appeal attacks only the disposition order, his appeal must be dismissed.
In February 2007, J.B.R. was charged with assault with a deadly weapon inflicting serious injury, two counts of assault with a deadly weapon, simple assault, and injury to real property, and was taken into secure custody. After five days in detention, he was released to a level III group home, Reynolds Youth Services, and, pursuant to a previous court order, received weekly outpatient substance abuse treatment through Home Care.
On 5 April 2007, the district court adjudicated J.B.R. a delinquent juvenile for the instant offenses. At disposition, the court received evidence that J.B.R. had previously been placed on twelve months of probation and ordered to complete intensive substance abuse treatment through Home Care following a delinquency adjudication for breaking and entering and larceny. Based upon J.B.R.'s positive response to the group home, and at the express request of juvenile counsel, the district court adopted the court counselor's recommendation to suspend a Level 3 disposition and continue J.B.R. on probation, on the conditions that he complete his treatment program at Reynolds Youth Services, complete his outpatient substance abuse treatment through Home Care, and comply with the recommendations of his treatment team. The court found that J.B.R. had "extraordinary needs" supporting a Level 2 disposition in lieu of the Level 3 disposition prescribed for his violent offense and high delinquency history. See N.C. Gen. Stat. § 7B-2508(e) (2007).
Separate adjudication and disposition orders were signed on 5 April 2007 and filed on 18 April 2007. In a notice of appeal filed on 26 April 2007, J.B.R. expressed the intent to appeal his delinquency adjudication.
Despite having urged the district court to adopt its disposition, J.B.R. now argues that the court abused its discretion under N.C. Gen. Stat. § 7B-2506 (2007), by delegating its dispositional authority to his treatment team. We disagree.
"The Court of Appeals has limited jurisdiction to review final orders of the trial court in juvenile matters." In re A.L., 166 N.C. App. 276, 277, 601 S.E.2d 538, 538 (2004). Under N.C. Gen.Stat. § 7B-2602(3) (2007), a juvenile may appeal "[a]ny order of disposition after an adjudication that a juvenile is delinquent or undisciplined[.]" Appeal may not be taken from an adjudication order unless the court fails to enter a disposition order within 60 days of the adjudication. N.C. Gen. Stat. § 7B-2602.
The notice of appeal filed by juvenile expressed his intent "to appeal his adjudication of delinquency entered April 5, 2007 to the Court of Appeals." It further stated, "The juvenile appeals adjudication pursuant to the Court's order filed April 18, 2007." "N.C.R. App. P. 3(d) requires that a notice of appeal designate the order from which appeal is taken. In this case, the notice of appeal references only the order of adjudication." In re A.L.A., 175 N.C. App. 780, 782, 625 S.E.2d 589, 590-91 (2006). Because juvenile's notice of appeal fails to designate the dispositional order as required by Rule 3 and refers only to the "adjudication of delinquency entered April 5, 2007[,]" and the order of adjudication filed on 18 April 2007, it is insufficient to confer jurisdiction upon this Court. See In re A.V., ___ N.C. App. ___, ___, 654 S.E.2d 811, ___ (2008); In re A.L., 166 N.C. App. at 277-78, 601 S.E.2d at 538-39. Accordingly, we dismiss the appeal.
DISMISSED.
Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).