IN THE MATTER OF: M.P.A., A Minor Child.
No. COA09-856.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Feagan Law Firm, PLLC, by Lora T. Baker, for petitioner-appellee Polk County Department of Social Services.
Mercedes O. Chut for respondent-appellant mother.
McDaniel & Anderson, L.L.P., by John M. Kirby, for the Guardian ad Litem to the respondent-appellee minor child.
ROBERT C. HUNTER, Judge.
C.L. ("respondent") and D.A. are, respectively, the biological mother and father of the minor child M.P.A.[1] On 29 December 2006, the Polk County Department of Social Services ("petitioner") filed a juvenile petition alleging M.P.A. was a neglected and dependent juvenile. Petitioner alleged M.P.A. lived in an environment injurious to his welfare due to substance abuse in the home and the general uncleanliness of the home. M.P.A. was two and a half months old at the time and was observed to be lethargic and small. Petitioner obtained non-secure custody of M.P.A. and placed him in foster care.
After a hearing on 11 May 2007, the trial court entered an adjudication and disposition order on 21 August 2007. The trial court found M.P.A. was a dependent juvenile, continued custody of M.P.A. with petitioner, set the permanent plan as reunification with the parents, and approved the visitation plans already in existence at the time of the hearing. By order entered 11 July 2008, the trial court changed the permanent plan to adoption and ordered petitioner to file a petition for the termination of respondent's parental rights to M.P.A.[2] Petitioner filed a motion in the cause to terminate parental rights to M.P.A. that same day.
On 8 April 2009, the trial court entered its order terminating respondent's parental rights. Respondent filed notice of appeal from the trial court's order on 17 April 2009, but this notice of appeal lacked respondent's signature. On 19 May 2009, respondent filed an amended notice of appeal, which was signed by respondent. Respondent filed the record on appeal with this Court on 1 July 2009. On 20 and 31 July 2009, petitioner and the guardian ad litem ("GAL"), respectively, filed motions to dismiss respondent's appeal.
In their motions to dismiss respondent's appeal, both petitioner and the GAL argue respondent's notices of appeal fail to meet the requirements of Rule 3A of our Rules of Appellate Procedure. Petitioner and the GAL contend respondent's first notice of appeal was defective due to respondent's lack of signature, and her second notice of appeal was untimely because it was filed more than thirty days after entry of the trial court's order terminating respondent's parental rights.
Respondent filed responses to the motions to dismiss on 27 July and 13 August 2009. In her responses, respondent argues she never received proper service of the trial court's order pursuant to N.C. Gen. Stat. § 7B-1001(b) (2007) or Rules 5 and 58 of the North Carolina Rules of Civil Procedure. Respondent contends the alleged failure to properly serve her with the trial court's order tolled the time period for filing notice of appeal, thus, her amended notice of appeal was timely filed. We note that while respondent did respond to the motions to dismiss her appeal, she has not filed a petition for writ of certiorari with this Court. For the reasons stated below, we must dismiss respondent's appeal.
The North Carolina Rules of Appellate Procedure "govern procedure in all appeals from the courts of the trial division to the courts of the appellate division[.]" N.C. R. App. P. 1(a). Rule 3A provides, in part:
Any party entitled by law to appeal from a trial court judgment or order rendered in a case involving termination of parental rights and issues of juvenile dependency or juvenile abuse and/or neglect, appealable pursuant to G.S. 7B-1001, may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in the time and manner set out in Chapter 7B of the general Statutes of North Carolina.
Trial counsel or an appellant not represented by counsel shall be responsible for filing and serving the notice of appeal in the time and manner required. If the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal, and the appellant shall cooperate with counsel throughout the appeal.
N.C. R. App. P. 3A(a). N.C. Gen. Stat. § 7B-1001 further provides, in pertinent part, that "notice of appeal shall be given in writing by a proper party as defined in G.S. 7B-1002 and shall be made within 30 days after entry and service of the order in accordance with G.S. 1A-1, Rule 58." N.C. Gen. Stat. § 7B-1001(b).
In the present case, respondent filed her first notice of appeal on 17 April 2009, but she did not sign this notice of appeal. Accordingly, the 17 April 2009 notice of appeal is deficient and failed to confer jurisdiction to this Court over respondent's appeal. In re L.B., 187 N.C. App. 326, 332, 653 S.E.2d 240, 244 (2007) ("Rule 3A is . . . jurisdictional, and if not complied with, the appeal must be dismissed."), aff'd per curiam, 362 N.C. 507, 666 S.E.2d 751 (2008).
Respondent argues that she did properly sign her second notice of appeal and argues that it was timely filed because the order lacked a certificate of service, and thus, the thirty-day time frame in which she must have filed her notice of appeal was tolled due to improper service under Rules 5 and 58 of the North Carolina Rules of Civil Procedure. We agree with respondent that her second notice of appeal complied with the signature mandate of Rule 3A. However, respondent avers in her second notice of appeal that she "receive[d] service of the [trial court's] order [on] April 11, 2009 or April 13, 2009." Thus, respondent had until 13 May 2009 to file a proper notice of appeal. N.C. R. App. P. 3A(a). As respondent's second notice of appeal was filed on 19 May 2009, her notice of appeal is untimely, and we must dismiss her appeal. In re I.T.P-L., ___ N.C. App. ___, ___ 670 S.E.2d 282, 285 (2008) ("It is well established that `[f]ailure to give timely notice of appeal. . . is jurisdictional, and an untimely attempt to appeal must be dismissed.'" (quoting In re A.L., 166 N.C. App. 276, 277, 601 S.E.2d 538, 538 (2004)), disc. review denied, 363 N.C. 581, 681 S.E.2d 783 (2009). Accordingly, we grant petitioner's motion to dismiss respondent's appeal and deny as moot the motion to dismiss filed by the Guardian ad Litem. Although we are dismissing the appeal, we have reviewed respondent's arguments and find them to be without merit.
Dismissed.
Judges BRYANT and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] Initials are used throughout to protect the identity of the juvenile.
[2] The juvenile's father, D.A., relinquished his parental rights to the juvenile on 9 September 2008 and is not a party to this appeal.