IN THE COURT OF APPEALS OF NORTH CAROLINA

 Nos. COA17-234, COA17-235, COA17-236, COA17-237

 Filed: 7 November 2017

Mecklenburg County, No. 16 SPC 4047

IN THE MATTER OF: P.S.

Mecklenburg County, No. 16 SPC 4126

IN THE MATTER OF: L.T.

Mecklenburg County, No. 16 SPC 4081

IN THE MATTER OF: N.J.

Mecklenburg County, No. 16 SPC 4080

IN THE MATTER OF: R.J.

 Appeal by respondents from orders entered 16 June 2016 by Judge Louis A.

Trosch, Jr., in Mecklenburg County District Court. Heard in the Court of Appeals 22

August 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Josephine N.
 Tetteh and Milind Kumar Dongre, for the State.

 Nelson Mullins Riley & Scarborough, LLP, by Ariel E. Harris and Fred M.
 Wood, Jr., for Strategic Behavioral Health.
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C.
 Katz and Assistant Appellate Defender David W. Andrews, for respondents-
 appellants.

 DAVIS, Judge.

 P.S. (“Paul”),1 L.T. (“Luke”), N.J. (“Natalie”), and R.J. (“Robert”) (collectively,

“Respondents”) appeal from the trial court’s 16 June 2016 orders concurring in their

voluntary readmissions to Strategic Behavioral Center for inpatient mental health

treatment. The primary issue in these four consolidated appeals is whether

Respondents’ readmissions to the facility were rendered unlawful due to the illegality

of their initial admissions. In addition, we address various other arguments

regarding the minors’ readmissions, including (1) whether a trial court is required to

conduct an initial jurisdictional inquiry at voluntary admission hearings to ensure

the minor’s admission authorization form was signed by a legally responsible person;

(2) whether an admission authorization form may be based on verbal — rather than

written — consent of the minor’s parent or guardian; and (3) whether a specific

procedure must be followed before a trial court can accept a minor’s consent to the

recommendation that he be admitted to a 24-hour inpatient facility. After a thorough

 1 Pseudonyms and initials are used throughout this opinion to protect the identities of the
minor children and for ease of reading.

 -2-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

review of the facts and applicable principles of law, we affirm in part and vacate in

part.

 Factual and Procedural Background

 Respondents are four minor children who either suffer from mental illness or

from substance abuse. At various times during the spring of 2016, they were

admitted to a mental health facility in Charlotte operated by Strategic Behavioral

Health (“Strategic”). In May 2016, Strategic conducted a self-audit during which it

discovered that Respondents and five other minors had been improperly admitted to

the facility without having received a hearing within fifteen days of their admissions

as required by North Carolina law. After becoming aware of its error, Strategic

discharged, reevaluated, and then readmitted Respondents beginning on 30 May

2016.

I. Luke

 Luke grew up in a home where he was “neglected and abused[,]” his mother

used drugs, and she once “burn[ed] him with a cigarette.” He got into “trouble in

school” and was “suspended many times for his behavior.”

 Luke was thirteen years old when he was first admitted to Strategic on or

about 3 April 2016. After approximately two months without judicial review of his

admission, he was discharged and readmitted to the facility on 3 June 2016.

II. Robert

 -3-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 Robert reported being raped by his uncle when he was 4 or 5 years old. He has

a history of suicide attempts and has reported “being born addicted to cocaine.” He

was suspended from school “for fighting, lying, stealing, and touching females

inappropriately.” Robert’s biological father died when he was young, and he has had

no contact with his biological mother. After multiple unsuccessful placements in

foster care, Robert’s 18-year-old brother adopted him.

 Robert was fourteen years old when he was first admitted to Strategic on or

about 28 April 2016. After more than a month without judicial review of his

admission, he was discharged and readmitted to the facility on 2 June 2016.

III. Paul

 Paul displayed aggressive behavior in school, including multiple incidents

during which he stabbed other students with pens and pencils. He also had “a history

of suicidal ideation behavior such as cutting himself and hitting himself . . . .”

 Paul was fifteen years old when he was first admitted to an inpatient facility

in another city on or about 10 February 2016 and arrived at Strategic sometime in

the spring of 2016. He was discharged and readmitted to Strategic on 30 May 2016.

IV. Natalie

 Natalie has a history of angry outbursts and blackout spells, and her mother

was concerned about her tendency to become violent toward other individuals in her

home. Natalie was fourteen years old when she was first admitted to Strategic on or

 -4-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

about 10 March 2016. After nearly three months without judicial review of her

voluntary admission, she was discharged and readmitted to the facility on 31 May

2016.

 ***

 On 14 June 2016, hearings were held in connection with the readmissions of

each Respondent before the Honorable Louis A. Trosch, Jr. in Mecklenburg County

District Court. The Council for Children’s Rights (“CCR”) was appointed to represent

Respondents at their respective hearings. Strategic’s attorneys, CCR attorneys, and

the applicable clerks of court were all present at the hearings.

 That same morning, CCR filed motions to dismiss in each of the four cases,

asserting that Respondents’ readmissions to Strategic violated both their procedural

due process rights and applicable statutory provisions set out in Chapter 122C of the

North Carolina General Statutes. The trial court consolidated the four motions for

hearing. At the close of the arguments, the court denied Respondents’ motions to

dismiss.

 The trial court then held separate hearings regarding the readmission of each

Respondent. The court informed each minor that Strategic recommended he or she

be readmitted to the facility “for up to 45 more days.” The court then asked each of

the Respondents whether they consented to the recommendation and informed them

 -5-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

that if they disagreed with the recommendation, the court would hold a hearing on

the issue.

 Paul, Natalie, and Robert each stated that they disagreed with Strategic’s

recommendation. The court then proceeded to conduct hearings in which the minors

and their respective therapists testified. Following each hearing, the court concurred

in the recommendation for readmission of the minor based on the testimony that had

been presented.

 Luke, conversely, consented to Strategic’s recommendation for readmission.

Therefore, the court adopted the recommendation as to him without conducting a full

hearing.

 Respondents filed notices of appeal on 24 June 2016. The four appeals were

consolidated for oral argument.

 Analysis

 We review a trial court’s order “to determine (1) whether the findings of fact

are supported by clear and convincing evidence, and (2) whether the legal conclusions

are supported by the findings of fact.” In re T.H.T., 185 N.C. App. 337, 343, 648

S.E.2d 519, 523 (2007) (citation, quotation marks, and brackets omitted), aff’d as

modified, 362 N.C. 446, 665 S.E.2d 54 (2008). Findings of fact that are supported by

competent evidence or are unchallenged by the appellant are binding on appeal. In

re A.B., __ N.C. App. __, __, 781 S.E.2d 685, 689, disc. review denied, 369 N.C. 182,

 -6-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

793 S.E.2d 695 (2016). “Such findings are . . . conclusive on appeal even though the

evidence might support a finding to the contrary.” In re McCabe, 157 N.C. App. 673,

679, 580 S.E.2d 69, 73 (2003). We review a trial court’s conclusions of law de novo.

In re J.S.L., 177 N.C. App. 151, 154, 628 S.E.2d 387, 389 (2006).

I. Motions to Dismiss

 Respondents first argue that the trial court erred in denying their motions to

dismiss because Strategic failed to conduct a hearing within fifteen days of their

initial admissions as required by N.C. Gen. Stat. § 122C-224. “Article 5 of Chapter

122C of the North Carolina General Statutes governs the procedures for admitting or

committing persons into inpatient psychiatric facilities.” In re Wolfe, __ N.C. App. __,

803 S.E.2d 649 (2017) (citation omitted). N.C. Gen. Stat. § 122C-224 states, in

pertinent part, as follows:

 (a) When a minor is admitted to a 24-hour facility
 where the minor will be subjected to the same restrictions
 on his freedom of movement present in the State facilities
 for the mentally ill, or to similar restrictions, a hearing
 shall be held by the district court in the county in which
 the 24-hour facility is located within 15 days of the day that
 the minor is admitted to the facility. A continuance of not
 more than five days may be granted.

N.C. Gen. Stat. § 122C-224(a) (2015).2

 2 It is undisputed that Strategic is a 24-hour inpatient facility.

 -7-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 As an initial matter, we observe that both the State and Strategic acknowledge

that Respondents’ statutory rights were violated during their initial admissions to

Strategic based on its failure to schedule hearings as statutorily required.

Respondents contend that because the hearing requirement contained in N.C. Gen.

Stat. § 122C-224 was not followed in connection with their initial admissions, their

subsequent readmissions to the facility were tainted by this error and, therefore,

rendered unlawful.3

 “This Court has held that a minor, facing commitment pursuant to the

voluntary commitment statute, is entitled to due process protections.” In re A.N.B.,

232 N.C. App. 406, 411, 754 S.E.2d 442, 447 (2014) (citation and quotation marks

omitted). “[A] child, in common with adults, has a substantial liberty interest in not

being confined unnecessarily for medical treatment and . . . the state’s involvement

in the commitment decision constitutes state action under the Fourteenth

Amendment.” Id. (citation and quotation marks omitted). We have made clear that

“[d]ue process requires an inquiry by a ‘neutral factfinder’ to determine whether

constitutionally adequate procedures are followed before a child is voluntarily

committed based upon his guardian’s affirmations.” Id. at 412, 754 S.E.2d at 447

(citation omitted).

 3 The extent to which civil remedies may be available to Respondents for the violation of their
rights in connection with their initial admissions is not at issue in this appeal.

 -8-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 We are unable to accept Respondents’ argument that the trial court erred in

denying their motions to dismiss. While — as noted above — it is undisputed that

Respondents were initially denied the hearings to which they were statutorily

entitled, it is likewise undisputed that such hearings did take place upon their

readmission as required by N.C. Gen. Stat. § 122C-224.

 The statutory scheme contained in Chapter 122C governing such admissions

attempts to balance the following interests: (1) the needs of a minor who is mentally

ill and in need of treatment, see In re Lynette H., 323 N.C. 598, 600, 374 S.E.2d 272,

273 (1988); (2) the rights of a parent or guardian, see In re Long, 25 N.C. App. 702,

706, 214 S.E.2d 626, 628, cert. denied, 288 N.C. 241, 217 S.E.2d 665 (1975); and (3)

the minor’s right to procedural due process, see id. at 707, 214 S.E.2d at 629. While

the admission of a minor to a 24-hour facility obviously has a significant impact on

the minor’s rights, it is important to note that such admissions are not punitive in

nature but rather designed to facilitate the minor’s receipt of necessary treatment.

Moreover, our General Assembly has stated that “[i]t is State policy to encourage

voluntary admissions to facilities.” N.C. Gen. Stat. § 122C-201 (2015).

 Respondents’ argument, if accepted, would result in the denial of treatment to

the minors for some indeterminate period of time regardless of whether they were, in

fact, genuinely in need of the treatment provided by Strategic. We do not believe the

law requires such a result. See In re Webber, 201 N.C. App. 212, 222, 689 S.E.2d 468,

 -9-
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

476 (2009) (holding that respondent could not challenge procedural deficiencies in his

initial commitment order through appeal of his recommitment order), cert. denied,

364 N.C. 241, 699 S.E.2d 925 (2010). Therefore, we conclude that the trial court did

not err in denying Respondents’ motions to dismiss.

II. Subject Matter Jurisdiction

 Respondents next argue that the trial court lacked subject matter jurisdiction

to concur in their readmissions to Strategic. Specifically, they contend that the

jurisdiction of the trial court could not be invoked until such time as it made a

determination that Respondents’ admission authorization forms had been signed by

legally authorized persons as mandated by statute.

 “Subject matter jurisdiction refers to the power of the court to deal with the

kind of action in question.” Harris v. Pembaur, 84 N.C. App. 666, 667, 353 S.E.2d

673, 675 (1987) (citation omitted). It is well established that “[s]ubject matter

jurisdiction . . . is conferred upon the courts by either the North Carolina Constitution

or by statute.” In re M.B., 179 N.C. App. 572, 574, 635 S.E.2d 8, 10 (2006) (citation

and quotation marks omitted). “Subject matter jurisdiction cannot be conferred by

consent or waiver, and the issue of subject matter jurisdiction may be raised for the

first time on appeal.” In re H.L.A.D., 184 N.C. App. 381, 385, 646 S.E.2d 425, 429

(2007), aff’d per curiam, 362 N.C. 170, 655 S.E.2d 712 (2008) (citation omitted).

Whether a court has jurisdiction is a question of law reviewable de novo on appeal.

 - 10 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

In re K.U.-S.G., D.L.L.G., & P.T.D.G., 208 N.C. App. 128, 131, 702 S.E.2d 103, 105

(2010) (citation omitted).

 Our Supreme Court has held that “[w]here jurisdiction is statutory and the

Legislature requires the Court to exercise its jurisdiction in a certain manner, to

follow a certain procedure, or otherwise subjects the Court to certain limitations, an

act of the Court beyond these limits is in excess of its jurisdiction.” In re T.R.P., 360

N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (citation and quotation marks omitted).

“[F]or certain statutorily created causes of action, a trial court’s subject-matter

jurisdiction over the action does not fully vest unless the action is properly initiated.”

In re Wolfe, __ N.C. App. at __, 803 S.E.2d at 652 (citation omitted).

 This Court recently addressed the issue of subject matter jurisdiction in the

context of voluntary admissions of incompetent adults. In In re Wolfe, the respondent

argued on appeal that the trial court had erred in concurring in his voluntary

admission to an inpatient psychiatric facility. Specifically, he contended that the trial

court lacked jurisdiction to concur in the admission because it never received a

written and signed admission form as required by N.C. Gen. Stat. § 122C-232. Id. at

__, 803 S.E.2d at 652. In our analysis, we recognized at the outset that “[i]n any case

requiring [a] hearing [pursuant to N.C. Gen. Stat. § 122C-232] . . . the written

application for voluntary admission shall serve as the initiating document for the

hearing.” Id. at __, 803 S.E.2d at 653. We then stated that

 - 11 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 [t]his limitation conditions subject-matter jurisdiction: a
 district court’s N.C. Gen. Stat. § 122C-232 jurisdiction to
 concur in an incompetent adult’s voluntary admission and
 order that he or she remain admitted for further inpatient
 treatment does not vest absent the statutorily required
 written application for voluntary admission signed by the
 incompetent adult’s legal guardian.

Id. at __, 803 S.E.2d at 653 (emphasis added).

 We determined that “the appellate record contain[ed] no written application

for [the respondent’s] voluntary admission signed by his guardian. Rather, as an

amendment to [the] appellate record reflects, [his] application was not filed in the

court file for this case, and the Buncombe County District Court calendared the

hearing upon receipt of [the psychiatrist’s] evaluation for admission.” Id. at __, 803

S.E.2d at 653. Thus, we concluded as follows:

 Because a written and signed application for voluntary
 admission never initiated the hearing, the district court
 failed to comply with the requirements of N.C. Gen. Stat.
 § 122C-232(b). Because the district court never received
 this required application for voluntary admission, its
 subject-matter jurisdiction to concur in [the respondent]’s
 voluntary admission to Copestone and order he remain
 admitted for further inpatient psychiatric treatment never
 vested. The district court thus lacked authority to enter its
 voluntary admission order and it must be vacated.

Id. at __, 803 S.E.2d at 653.

 - 12 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 N.C. Gen. Stat. § 122C-221 states, in pertinent part, that “the provisions of

G.S. 122C-211 shall apply to admissions of minors under this Part.” N.C. Gen. Stat.

§ 122C-221(a). N.C. Gen. Stat. § 122C-211(a) provides as follows:

 (a) Except as provided in subsections (b) through (f1)
 of this section, any individual, including a parent in a
 family unit, in need of treatment for mental illness or
 substance abuse may seek voluntary admission at any
 facility by presenting himself for evaluation to the facility.
 No physician’s statement is necessary, but a written
 application for evaluation or admission, signed by the
 individual seeking admission, is required.

N.C. Gen. Stat. § 122C-211(a) (2015) (emphasis added). N.C. Gen. Stat. § 122C-

221(a) states that “ . . . in applying for admission to a facility, in consenting to medical

treatment when consent is required, and in any other legal procedure under this

Article, the legally responsible person shall act for the minor.” N.C. Gen. Stat.

§ 122C-221(a). Thus, absent the filing of an admission authorization form for a minor

in need of treatment signed by a legally responsible person as required by N.C. Gen.

Stat. § 122C-221, the trial court’s subject matter jurisdiction to concur in the minor’s

admission is not invoked.

 We now turn to the facts of the four cases before us. Respondents essentially

make two arguments as to why the trial court lacked subject matter jurisdiction in

these cases: (1) the trial court failed to make an independent determination that the

signatures on the forms admitting Paul, Luke, and Robert were from persons who

 - 13 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

possessed legal authority to voluntarily admit them; and (2) Natalie’s form did not

even purport to contain the signature of a legally responsible person and instead

merely stated that Strategic had received verbal consent for her admission. We

address each argument in turn.

 A. Admission Authorization Forms for Paul, Luke, and Robert

 Respondents assert that before the trial court’s subject matter jurisdiction

could be invoked in the cases of Paul, Luke, and Robert, it was required to make an

independent assessment that their admission authorization forms were actually

signed by legally responsible persons as required by N.C. Gen. Stat. § 122C-221. We

disagree.

 As stated above, in order to admit a minor to an inpatient facility, “a written

application for evaluation or admission, signed by the [legally responsible person]

seeking admission, is required.” N.C. Gen. Stat. § 122C-211(a); see also N.C. Gen.

Stat. § 122C-221(a) (requiring a legally responsible person to sign on behalf of a

minor).

 However, the General Assembly has not expressly required that the trial court

independently verify in each case that the admission authorization form was, in fact,

signed by a legally responsible person. We decline to judicially impose such a

requirement in the absence of legislative direction. Thus, in cases where an

admission authorization form is filed that — on its face — purports to comply with

 - 14 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

N.C. Gen. Stat. § 122C-221(a), the trial court is entitled to presume that the form

was, in fact, signed by a legally responsible person. However, this presumption can

be rebutted by evidence to the contrary.

 Here, the admission authorization forms for Paul, Luke, and Robert each

contained a signature in the appropriate spot on Strategic’s standard admission form

indicating that the form had been signed by a parent or guardian. Therefore, the trial

court was permitted to treat the forms as presumptively valid and sufficient to invoke

the court’s subject matter jurisdiction. Accordingly, we hold that the court possessed

subject matter jurisdiction over the proceedings involving Paul, Luke, and Robert.

 B. Admission Authorization Form for Natalie

 We must next determine whether subject matter jurisdiction likewise existed

with regard to Natalie’s proceeding. Her appeal raises a different issue as her

admission authorization form was not signed by a legally responsible person.

Instead, the form unambiguously states that it was signed by a representative of

Strategic based on the verbal authorization of Natalie’s parent.

 As previously discussed, the legislature has directed that a legally responsible

person must sign the admission authorization form on behalf of the minor child in

order for the child to be voluntarily admitted to a mental health facility. In the

absence of such a signed form, the trial court cannot exercise its subject matter

 - 15 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

jurisdiction to concur in the minor’s voluntary admission. See Wolfe, __ N.C. App. at

__, 803 S.E.2d at 653.

 At the bottom of Natalie’s admission authorization form was a stamp

containing the following words:

 Official Verbal Consent Received
 by Legal Guardian/Parent on this date:
 Strategic Behavioral Health – Charlotte, LLC

Next to this stamp, an individual named Laura Strother — presumably a

representative of Strategic — wrote the words “consent obtained by [Natalie’s

mother]” above the line requiring the “Signature of Parent/Guardian.” Ms. Strother

also signed her own name above the line requiring the “Signature of Witness.”

 The admission authorization form contains ten paragraphs setting out various

information about Strategic and the treatment to be administered to the minor upon

admission. By initialing these paragraphs, the legally responsible person

acknowledges that he or she has read and understood the information contained

therein. However, Natalie’s form did not contain any initials next to these

paragraphs.

 In arguing that this verbal consent by Natalie’s parent was sufficient to satisfy

N.C. Gen. Stat. § 122C-221, Strategic points to a provision in North Carolina’s

Uniform Commercial Code that permits certain written instruments to be signed by

an agent or representative of a person sought to be held liable under the instrument.

 - 16 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

See N.C. Gen. Stat. § 25-3-401 (2015). However, the fact that the General Assembly

has authorized an exception to the personal signature requirement with regard to

negotiable instruments is irrelevant to the entirely unrelated issue of whether verbal

authorization by a parent or guardian is sufficient to satisfy N.C. Gen. Stat. § 122C-

221. Indeed, the absence of comparable language in § 122C-221 mandates the

conclusion that the General Assembly did not intend for a signature purportedly

based on a parent or guardian’s verbal consent to be sufficient.

 Therefore, because Natalie’s form did not contain the signature of a legally

responsible person, the trial court lacked subject matter jurisdiction to concur in her

readmission to Strategic. Accordingly, we vacate the trial court’s order readmitting

her to the facility.4

III. Consent to Admission by Luke

 The final issue before us is whether compliance with a formalized procedure

was necessary before the trial court was permitted to determine the voluntariness of

Luke’s consent to Strategic’s recommendation that he be readmitted. At the 14 June

2016 hearing, the following exchange occurred:

 THE COURT: So, [Luke], let’s see -- what are your
 recommendations . . . for [Luke]?

 4In its brief, the State argues that this issue was effectively waived by the failure of Natalie’s
attorney to challenge the trial court’s jurisdiction at the hearing. However, it is well established that
subject matter jurisdiction cannot be conferred by waiver. See H.L.A.D., 184 N.C. App. at 385, 646
S.E.2d at 429.

 - 17 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 [STRATEGIC’S ATTORNEY]: [Luke]’s
recommendation is amended 45 days, Your Honor.

 THE COURT: All right. And, [Luke], you can either
agree to that or you can disagree with that. If you agree
with that, then I’m going to sign an order that says you can
stay up to 45 days. You cannot stay longer than 45 days,
but you could leave sooner than that. It really depends on
how things go. Does that make sense to you?

 [LUKE]: Yes, sir.

 THE COURT: So are you agreeing with that or are
you disagreeing with that?

 [LUKE]: I’ll agree with that.

 THE COURT: All right. So I’m going to sign an
order then that says that you agree and that it will be up
to [your therapist] and your treatment team and how
you’re doing as to when you leave over those next 45 days.
Okay.

 [LUKE’S ATTORNEY]: Your Honor, if I could have
a minute with [Luke], because our last conversation he was
contesting the recommendation.

 THE COURT: Sure.

 [LUKE’S ATTORNEY]: I just want to make sure
that we’re clear.

 [LUKE]: I agree.

 [LUKE’S ATTORNEY]: All right. We’re consenting,
Your Honor.

 - 18 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 On appeal, Luke contends that in order to comport with due process

requirements, the trial court was required to either (1) engage in a colloquy with Luke

to ensure that he was fully aware of his rights with regard to the hearing; or (2) obtain

a written waiver from Luke confirming that he understood the rights he was giving

up by consenting to Strategic’s recommendation.

 The General Assembly has not included within Chapter 122C a specific

procedure to be utilized in cases where a minor consents to his voluntary admission

to an inpatient facility. Here, the trial court did, in fact, engage in a colloquy — albeit

a brief one — with Luke on this issue. While we acknowledge that the better practice

would have been for the trial court to engage in a more detailed colloquy with him to

ensure that Luke’s consent was both voluntary and fully informed, we cannot say on

these facts that its failure to do so constituted reversible error.

 Moreover, the General Assembly has not seen fit to require a written waiver

under these circumstances. Therefore, we once again decline Respondents’ invitation

to judicially impose requirements that are not actually contained in Chapter 122C.

See In re J.M.D., 210 N.C. App. 420, 427, 708 S.E.2d 167, 172 (2011) (“[N]either we

nor the trial court can re-write the statute which the General Assembly has given

us.”). Accordingly, we cannot say that Luke’s due process rights were violated.5

 5
 We note that Luke does not actually argue on appeal that his decision to consent to Strategic’s
recommendation was involuntary or that he did not understand the consequences of his decision.

 - 19 -
 IN RE: P.S.
 IN RE: L.T.
 IN RE: N.J.
 IN RE: R.J.

 Opinion of the Court

 Conclusion

 For the reasons stated above, we affirm the trial court’s orders concurring in

the voluntary admissions of Paul, Luke, and Robert in 16 SPC 4047, 16 SPC 4126,

and 16 SPC 4080 and vacate the order concurring in the voluntary admission of

Natalie in 16 SPC 4081.

 AFFIRMED IN PART; VACATED IN PART.

 Judges BRYANT and INMAN concur.

 - 20 -